54 CCPA

**STONECUTTER MILLS CORPORATION, Appellant,**

v.

**UNIVERSAL OVERALL COMPANY, Appellee.**

**UNIVERSAL OVERALL COMPANY, Appellant,**

v.

**STONECUTTER MILLS CORPORATION, Appellee.**

**Patent Appeal Nos. 7774, 7775.**

United States Court of Customs and Patent Appeals.

June 22, 1967.

**980**

Edward L. Merrigan, Washington, D.C. (Gadsby, Maguire, Hannah & Merrigan, Weil, Gotshal & Manges, Washington, D.C., of counsel), for Stonecutter Mills Corporation.

Norman Lettvin, Chicago, Ill., George A. Arkwright, Washington, D.C. (James F. Davis, Bair, Freeman & Molinare, Chicago, Ill., of counsel), for Universal Overall Co.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

These are cross appeals from a decision of the Trademark Trial and Appeal Board, 145 USPQ 562, dismissing an opposition by Stonecutter Mills Corporation (Stonecutter) to an application filed December 13, 1954, by Universal Overall Company (Universal) to register "Stone Cutter" for overalls, coveralls, shopcoats and dungarees, alleging use of the mark since January 1926.

Registration was refused by the examiner on Registration No. 422,633, issued August 6, 1946, to Stonecutter for the mark "Stonecutter" for piece goods of rayon, wool and/or cotton. Failing to convince the examiner that the differences between the marks and the goods of the application and of Stonecutter's registration were sufficient to obviate likelihood of confusion, Universal petitioned to cancel the cited registration. That petition was denied in Cancellation No. 6771, the final decision being that of the Assistant Commissioner, 121 USPQ 605, petition for reconsideration denied, 122 USPQ 324.[1]

Universal then filed an amendment to convert the application to one for concurrent registration. The examiner refused

---

1. In taking that action, the Assistant Commissioner stated:

The record indicates, however, that there has been long concurrent use by the parties on specifically different goods without any evidence of confusion, and it may be that petitioner would, in a proper case, be entitled to concurrent registration, but that question is not here to be decided.

conversion on the ground that use of the marks by the parties in the same territory would be likely to cause confusion. Universal withdrew its request and reargued the merits of the application as originally filed. Subsequently the application was published for opposition, and Stonecutter then filed the notice of opposition resulting in the present proceedings.

The opposition is based on Stonecutter's assertion of (1) ownership of aforementioned registration No. 422,633, (2) use of "Stonecutter Mills" as part of its trade name since organization in 1921 in the manufacture and sale of piece goods of rayon, wool, cotton and other manufactured fibers, and (3) use of "Stonecutter" as a trademark for such goods. Stonecutter also urges

> * * * the respective goods of Opposer and Applicant are so closely related in respect to use and purchaser-requirements and the channels of trade through which they move, that confusion in the trade is likely to arise by reason of concurrent use of their respective identical trademarks by Opposer and Applicant, to the damage of Opposer.

The board decided that Stonecutter's rights in the term "Stonecutter" are superior to those of Universal but found that Stonecutter is estopped by reason of laches and acquiescence from asserting likelihood of confusion or that it would be damaged by the registration sought by Universal.

Stonecutter's appeal is based on its dissatisfaction with the board's dismissal of the opposition. Universal, although not dissatisfied with the board's ultimate conclusion, cross appealed, advancing the contention that the opposition should also be dismissed for reasons other than that relied on by the board.

The record here includes testimony taken by the parties in Cancellation 6771. The parties also took additional testimony with that for Stonecutter being refused consideration by the board on the ground that it was improper rebuttal testimony. Although Stonecutter has questioned the propriety of such refusal, the matter need not be considered since the disputed testimony is not such as would affect our decision here.

■ We are satisfied from the record that the board did not err in dismissing the opposition. However, we predicate our conclusion on somewhat broader grounds than were relied on by the board. It seems to us that the question of likelihood of confusion under section 2(d) of the Lanham Act is decisive. On that question, Universal points to the statement of the Assistant Commissioner in Cancellation 6771 regarding "long concurrent use" of the marks "on specifically different goods without any evidence of confusion." Stonecutter argues that the opposition must be sustained because the two marks applied to the goods of the parties "are likely to cause confusion, mistake and deception," paraphrasing the language of section 2(d).

After initially refusing Universal's application on Stonecutter's registration No. 422,633, the trademark examiner authorized publication of the application for opposition. Since section 12(a) of the Lanham Act only provides for publication when it appears that the applicant is entitled to the registration sought, it is thus apparent that the examiner had concluded that there was no likelihood that confusion would result from Universal's use of the mark "Stone Cutter" on the goods specified in the application.

■ Consideration of the record here relative to the use of the respective marks as well as the Stonecutter registration leads us to that same conclusion. It is true that the fact that Universal uses its mark as two words while the competing mark "Stonecutter" is a single word is not in itself sufficient to avoid likelihood of confusion. However, the specific goods are also different and there is a history of long concurrent use of the marks by both parties without any evidence of actual confusion.

Thus Universal has used "Stone Cutter" on finished work garments such as

overalls since 1926. Although the designation of goods in the application is not limited to overalls, it is limited to work garments or garments closely related thereto.

Although Stonecutter has since at least about 1945 supplied users of its goods, on occasion, with tags to place on finished garments or articles to indicate that they are made from "Stonecutter" fabrics, the merchandise that it sells and controls is the fabric and not the finished articles. The principal purchasers of Stonecutter's fabrics are converters who process and supply them to manufacturers of finished articles sold to the public.

■■ It has been observed too often to require citation of authority that the question of likelihood of confusion is one which must be determined on the facts of each particular case. Here, witnesses for both parties, intimately associated with the operation of the respective businesses, testified that they knew of no case of actual confusion being reported despite the parties having used the marks on goods widely available throughout the United States for a period of approximately forty years. It is true that evidence of actual confusion is not necessary to sustain a finding of likelihood of confusion. However, on the record before us we can reach no other conclusion than that neither the converters who purchase the bulk of Stonecutter's goods nor consumers who might purchase its fabrics in the regular channels would be likely to be confused or deceived by the use of "Stone Cutter" on completed garments such as Universal's overalls, coveralls, shopcoats and dungarees.[2] See Smith v. Tobacco By-Products & Chemical Corp.,

243 F.2d 188, 44 CCPA 880, and cases cited therein.

■ Stonecutter urges that wearing apparel and piece goods are goods of the same descriptive properties, citing several cases including Vanity Fair Mills, Inc. v. Pedigree Fabrics, Inc., 161 F.2d 226, 34 CCPA 1043, and Goodall-Sanford, Inc. v. J. M. Wood Mfg. Co., Inc., 100 USPQ 256 (Comr.1954). However, those cases arose under the 1905 act which made whether the goods were "of the same descriptive properties" a primary criterion in determining likelihood of confusion. That question is not controlling under the Lanham Act where the issue is solely whether the respective marks used on the goods of the parties would result in a likelihood of confusion.

■ It is also argued by Stonecutter that the doctrines of res judicata and equitable estoppel, based on Cancellation No. 6771, compel a decision in its favor here. The board correctly overruled that contention, pointing out that the issue in the previous action was Stonecutter's right to maintain its present registration of "Stonecutter" whereas the issue here is Universal's right to register "Stone Cutter." As observed by the board, the Assistant Commissioner made only such determinations as were necessary to settle the cancellation question. None of those determinations is conclusive of the issue here.

In view of our concluion that a likelihood of confusion will not result from the use of the competing marks, Universal must prevail. There is thus no occasion to discuss separately the matters raised by Universal's cross appeal.

The decision of the board is affirmed.

Affirmed.

2. Although Universal states in its brief in P.A. 7775 that it has also used the mark on "shorts, pants and jackets" and refers to the statement of goods as "over-

alls, coveralls, shopcoats and dungarees" as "abbreviated," the issue here is limited to the goods as set forth in said statement as is also our decision.