54 CCPA

**UNIVERSAL OVERALL COMPANY,**
Appellant,

v.

**STONECUTTER MILLS CORPORA-TION,** Appellee.

**Patent Appeal No. 7776.**

United States Court of Customs
and Patent Appeals.

June 22, 1967.

Norman Lettvin, Chicago, Ill., George A. Arkwright, Washington, D. C. (James F. Davis, Bair, Freeman & Molinare, Chicago, Ill., of counsel), for appellant.

Edward L. Merrigan, Washington, D. C. (Gadsby, Maguire, Hannah & Merrigan, Weil, Gotshal & Manges, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Stonecutter Mills Corporation (Stonecutter) [1] has applied for registration of "Stonecutter" for "textile fabrics of cotton, silk, rayon and/or other manufactured fibers and combinations thereof for use in garments for men, women and children, * * * and for use in home furnishings items * * *." [2] The application was filed on August 6, 1959, asserting first use in 1921. Universal Overall Company (Universal) opposed, asserting use of the trademark "Stone Cutter" on clothing products since 1926. [3] It also stated that it is the owner of pending application Serial No. 578,290, filed December 13, 1954, for registration of the mark "Stone Cutter" for certain clothing. That application is involved in Opposition No. 40,441, in which

1. The same parties and the same opposition proceeding are involved here as in Universal Overall Company v. Stonecutter Mills Corporation, 310 F.2d 952, 50 CCPA 760, but the issues differ as a result of the remand to the board in that appeal.

2. The garments are further described as "including blouses, dresses, shirts, jackets, jeans, lingerie, shirts [sic], ties, slacks, shorts and sportswear" and the home fur-

nishing items as "such as draperies, curtains, bedspreads and upholstery fabrics."

3. Universal also claims ownership of Registration No. 251,053, issued December 25, 1928, but not renewed upon its expiration 20 years thereafter. The mark in that registration includes the words "Stone Cutter" with an illustration of a man cutting the word "overalls" in a block of stone with a chisel and hammer and is for "Mens Overalls."

cross appeals from the decision of the Trademark Trial and Appeal Board are decided concurrently herewith, Stonecutter Mills Corp. v. Universal Overall Co. (PA 7774, 7775), 379 F.2d 979, 54 CCPA ——.

Originally, the board granted summary judgment to Stonecutter on res judicata based on the Assistant Commissioner's final decision in Cancellation No. 6771 dismissing a petition by Universal to cancel registration No. 422,633 issued to Stonecutter August 6, 1946, for "Stonecutter" for "piece goods of rayon, wool and/or cotton." We reversed and remanded.

On remand, the board dismissed the opposition on the ground that Stonecutter has superior rights in "Stonecutter." [4] It also found no merit in a contention by Universal that Stonecutter was barred from obtaining the registration sought because it perpetrated a fraud in alleging in its application that the mark had been used since 1921 knowing that the allegation could not be supported, and in originally alleging use of the mark on finished garments knowing it had been used only on piece goods. Universal urges here that the board erred in both holdings.

■ We are satisfied that the board did not err in dismissing the opposition. If it were thought that likelihood of confusion would result from the competing marks, the conclusion that Stonecutter has superior rights to Universal is supported by the testimony in Cancellation No. 6771, incorporated in the present record. It is apparent that Stonecutter has used that term as the principal element of its trade name since first marketing its goods in 1921, five years prior to Universal's claimed first use in 1926. However, it is our opinion that Stonecutter must prevail here for the reason that likelihood of confusion under section 2(d) will not result between its trademark and that of Universal. Our reasons for that conclusion are similar to those set forth in full in our decision concurrently handed down in PA 7774 and 7775.

Concerning Stonecutter's allegation that it has used "Stonecutter" as a trademark since 1921, the board stated (with a footnote omitted):

* * * Certainly, the uncontradicted testimony by the Chairman of the Board of Stonecutter corporation, who was the founder of the company, that from 1921 to 1944, "The goods were identified as Stonecutter fabrics, Stonecutter goods, and they were identified in various ways by tickets and labels, marks on the packages. Every package of goods that were ever shipped were marked Stonecutter, and the salesmen described them as Stonecutter goods to the customer" and "Stonecutter has been a part—the central part of all our business operations, all of our transactions of all kinds, correspondence, and all of the fabrics of all kinds that we have been making have been known as Stonecutter fabrics" provides a sufficient basis for alleging trademark use of "Stonecutter" as a trademark since 1921, notwithstanding the absence of documentation in that regard. In view of the foregoing, applicant's assertion under oath that it has used "Stonecutter" as both a trade name and as a trademark since 1921 must be considered as having been made in good faith and not in an attempt to perpetrate a fraud upon the Patent Office or upon opposer.

■■ The board recognized that the statement, in the application as originally filed, that Stonecutter used the mark for clothing was not correct, even though the record shows that "tags and labels bearing the mark 'Stonecutter' have found their way into articles of clothing and home furnishings made of 'Stonecutter' fabrics." It held, however, that such misstatement did not constitute fraud because Stonecutter, at the suggestion of the examiner, amended its application prior to publication to recite

4. 145 USPQ 567.

fabrics rather than finished clothing, and the assertion of belief in damage in an opposition must, under the terms of section 13 of the statute, be predicated on the application as published rather than as originally filed.

We agree with the board that Universal's charge of fraud has not been sustained.

No reversible error having been found, the board's decision is affirmed.

Affirmed.