**John V. YOUNG, Appellant,**

v.

**AGB CORPORATION, Appellee.**

**No. 98–1055.**

United States Court of Appeals,
Federal Circuit.

Aug. 17, 1998.

Sharon Dinwiddie, Burke & Blue, P.A., Panama City, Florida, argued for appellant. On the brief was Edward A. Hutchinson, Jr.

Pamela Ann Bresnahan, Vorys, Sater, Seymour and Pease, LLP, Washington, DC, argued for appellee. With her on the brief was Cory M. Amron.

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

LOURIE, Circuit Judge.

John V. Young appeals from the final decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (PTO) which dismissed Young's opposition against AGB Corporation's registration of a steer statue as a service mark to designate its restaurant services. *See Schilleci v. AGB Corp.,* Opp. No. 102,510 (TTAB Mar. 27, 1997), *request for reconsideration denied,* (TTAB June 13, 1997). Because the Board did not err in concluding that Young failed to plead a statutory ground for opposing AGB's registration, we affirm.

BACKGROUND

Appellant Young manufactures and sells large fiberglass animal statues. In 1970, Young sold a statue of a steer to Angelo's

Steak Pit, a steak restaurant owned by appellee AGB in Panama City, Florida. Since that time, Angelo's has displayed the statue, named "Big Gus" in a "name the steer" contest sponsored by Angelo's, in front of its restaurant. Big Gus is difficult to miss, spanning approximately fifteen feet in height and twenty feet in length. Angelo's has displayed and made promotional use of Big Gus in association with its provision of restaurant services.[1]

In 1995, Big Horn Steak house, a restaurant competing with Angelo's in the Panama City area, purchased from Young a steer statue that was identical to Big Gus. Shortly afterwards, AGB filed an application to register the steer statue as a federal service mark. Young opposed AGB's registration and alleged the following in his Notice of Opposition:

4. The grounds for opposition are as follows:

(a) John V. Young's family's business was the manufacturer of the longhorn steer/bull display ("Steer") on which Applicant, AGB Corporation, has filed its petition for registration of trademark.

(b) The Steer is produced from a mold. At no time did John V. Young's family's business or any of its agents represent to AGB Corporation or any other person or entity that it would have an exclusive right to the Steer design.

(c) Since the 1960[s], John V. Young or his family's business have advertised for sale via interstate commerce the Steer displays and at least five (5) of

the Steers have been sold by John V. Young or his family's business to various purchasers. These purchasers have used the Steers in commerce. John V. Young owns the Steer mold and claims a proprietary interest in any similarity thereof.

(d) Frank Schilleci and Donald Schilleci[2] d/b/a Big Horn Steak House purchased a Steer display from John V. Young in 1995 for approximately $8,500 which came from the same mold as that of AGB Corporation's.

(e) John V. Young would be damaged monetarily if the Board grants the application for registration filed by AGB Corporation and such would constitute a taking of his property and deprive him of business opportunities.

Young thus opposed AGB's registration on the ground that the registration would impede his ability to sell further steer statues.

AGB moved to dismiss Young's opposition pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.[3] The Board stated that in order to maintain the opposition, Young must plead facts showing (1) that he has standing and (2) a valid ground for denying the registration. *See* slip op. at 2–3. The Board concluded that Young's allegation of damage to his business was sufficient to establish standing. *See id.* at 2 n. 4 (citing *Jewelers Vigilance Committee, Inc. v. Ullenberg Corp.,* 823 F.2d 490, 493, 2 U.S.P.Q.2d 2021, 2023 (Fed.Cir. 1987), for the proposition that an "opposer must plead facts sufficient only to show a personal interest in the outcome of the case beyond that of the general public."). However, the Board concluded that Young had not

---

**1.** For example, in a "check the box" style questionnaire presented by Angelo's to its patrons inquiring how they had heard about the restaurant, a box is provided that reads "Saw 'Big Gus' (Steer) Out Front."

**2.** The Schillecis originally joined with Young in opposition to AGB's registration, but have not appealed the dismissal to this court.

**3.** *Inter partes* proceedings before the Trademark Trial and Appeal Board are governed by the Federal Rules of Civil Procedure. *See* 37 C.F.R. § 2.116(a) (1997); *Roux Labs., Inc. v. La Cade Prods. Co.,* 558 F.2d 33, 35–36, 194 U.S.P.Q. 542, 544 (C.C.P.A. 1977).

pleaded a valid ground for denial of the registration over and above his allegation of damage,[4] and accordingly granted AGB's motion to dismiss. *See id.* at 4. The Board denied Young's motion for reconsideration.

Young appealed the dismissal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B) (1994).

## DISCUSSION

We review the Trademark Trial and Appeal Board's dismissal of a claim under Rule 12(b)(6) *de novo.* *Cf. Bristol–Myers Squibb Co. v. Royce Labs., Inc.,* 69 F.3d 1130, 1134, 36 U.S.P.Q.2d 1641, 1645 (Fed.Cir.1995) (applying *de novo* review to a Rule 12(b)(6) dismissal by a federal district court). In determining whether or not a litigant before the Board has stated a claim upon which relief can be granted, "we must assume that the facts alleged in the petition are true." *Stanspec Co. v. American Chain & Cable Co.,* 531 F.2d 563, 566, 189 U.S.P.Q. 420, 422 (C.C.P.A. 1976) (petition for cancellation of a registered mark). Dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Abbott Labs. v. Brennan,* 952 F.2d 1346, 1353, 21 U.S.P.Q.2d 1192, 1198 (Fed.Cir.1991) (citations and internal quotations omitted).

Young argues that the Board's dismissal of his opposition was in error. He contends that he was entitled to maintain his opposition because he pleaded that his business would be injured by AGB's registration.[5]

AGB responds that the Board's dismissal was correct because Young did not plead facts supporting a ground which would negate AGB's entitlement to register its mark.

Resolution of the present dispute requires that we interpret Section 13 of the Lanham Act, which provides for opposition to the registration of a mark. It provides in relevant part as follows:

> Any person who believes that he would be damaged by the registration of a mark upon the principal register may . . . file an opposition in the Patent and Trademark Office, stating the grounds therefor. . . .

15 U.S.C. § 1063 (1994). When construing the requirements of this provision, it is instructive to consider its sister provision, Section 14, which allows for the *cancellation* of a previously registered mark. That provision reads in relevant part as follows:

> A petition to cancel registration of a mark, stating the grounds relied upon, may . . . be filed . . . by any person who believes that he is or will be damaged by the registration of a mark on the principal register. . . .

15 U.S.C. § 1064 (1994). Section 14 has been interpreted as requiring a cancellation petitioner "to show (1) that it possesses standing to challenge the continued presence on the register of the subject registration and (2) that there is a valid ground why the registrant is not entitled under law to maintain the registration." *Lipton Indus., Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 1026, 213 U.S.P.Q. 185, 187 (C.C.P.A. 1982). The standing requirement is based on the statuto-

---

**4.** The Board considered that Young might be contesting AGB's registration under Section 2(d) of the Lanham Act, *see* 15 U.S.C. § 1052(d) (1994), but concluded that Young had pleaded no facts constituting an allegation of likelihood of confusion under that section. *See* slip op. at 4.

Unless otherwise noted, the statutory references in this opinion are to sections of the Lanham Act, codified at 15 U.S.C. § 1051 *et seq.*

**5.** Young seems to interpret the Board's dismissal as a conclusion that the Board did not have jurisdiction over his opposition. *See* Young's

Opening Brief at 20 ("The fundamental question remains the Board's threshold determination that it does not have jurisdiction over Appellant's opposition."). Young misinterprets the effect of the Board's conclusion that he did "not allege any grounds for opposition over which the Board has jurisdiction." Slip op. at 4. The Board's use of the term "jurisdiction" was obviously related to its conclusion pursuant to Rule 12(b)(6) that Young failed to state a claim, and was not a determination pursuant to Rule 12(b)(1) that the Board lacked subject matter jurisdiction over Young's opposition.

ry requirement that a cancellation petitioner must believe that "he is or will be damaged by the registration" and cases defining the scope of this language. *See id.* at 1028–29, 670 F.2d 1024, 213 U.S.P.Q. at 189; *cf. Jewelers Vigilance Comm.,* 823 F.2d at 492, 2 U.S.P.Q.2d at 2023 (noting that "an opposer's right—or standing—to bring an opposition proceeding flows from" Section 13's requirement that such a party believes that he would be damaged by the registration). The "valid ground" that must be alleged and ultimately proved by a cancellation petitioner must be a "*statutory* ground which negates the appellant's right to the subject registration." *Lipton,* 670 F.2d at 1030, 213 U.S.P.Q. at 190 (emphasis added). Although cancellation is most often premised on the grounds listed in Section 2 of the Lanham Act, *see* 15 U.S.C. § 1052 (1994), other grounds which negate entitlement to maintain a registration also exist in the Lanham Act. *See, e.g., Lipton,* 670 F.2d at 1031, 213 U.S.P.Q. at 191 (entertaining a cancellation petition premised on the registrant's abandonment of his mark under Section 14(3), 15 U.S.C. § 1064(3) (1994)).[6]

■ The linguistic and functional similarities between the opposition and cancellation provisions of the Lanham Act mandate that we construe the requirements of these provisions consistently. *Cf. id.* at 1028, 670 F.2d 1024, 213 U.S.P.Q. at 189. There is no basis for interpreting them differently. Accordingly, a party opposing a registration pursuant to Section 13 of the Lanham Act must show (1) that he has standing and (2) a statutory ground which negates the applicant's entitlement to registration. Moreover, an opposer must at the pleading stage allege facts in support of both, a conclusion that is fully consistent with the PTO's rules. *See generally* 37 C.F.R. § 2.112(a) (1997) ("The petition to cancel must set forth a short and plain statement showing why the petitioner believes it is or will be damaged by the registration *[and] state the grounds* for cancellation ....") (emphasis added); *id.* § 2.104(a) ("The opposition must set forth a short and plain statement showing why the opposer believes it would be damaged by the registration of the opposed mark *and state the grounds* for opposition.") (emphasis added).

■ The parties do not dispute that Young's Notice of Opposition sets forth facts which if proved would constitute standing to oppose AGB's registration. However, we agree with the Board that Young failed to plead any facts relevant to a statutory ground negating AGB's entitlement to registration. Young was therefore not entitled to maintain his opposition.

Young nevertheless contends that the facts of this case warrant special consideration. Specifically, Young points out that he is not a competitor of AGB, but rather stands in a manufacturer-purchaser relationship with respect to the subject matter of AGB's application. Relying on this fact, Young asserts that he needed only to have alleged "economic damage" to maintain his opposition. We disagree. The allegation of economic damage, while relevant to Young's standing, does not constitute a ground under the Lanham Act to preclude AGB from registering its mark. *Cf. Jewelers Vigilance Comm.,* 823 F.2d at 493, 2 U.S.P.Q.2d at 2024 (noting that consideration of standing and grounds for opposition are "distinct inquiries"). That Young was the manufacturer of the subject

---

**6.** Cases have likewise permitted opposition on statutory grounds other than those in Section 2. *See, e.g., Community of Roquefort v. Santo,* 58 C.C.P.A. 1303, 443 F.2d 1196, 1199–1200 & nn. 6–7, 170 U.S.P.Q. 205, 208 & nn. 6–7 (C.C.P.A. 1971) (entertaining an opposition under Section 1, 15 U.S.C. § 1051 (1994) (now Section 1(a)), on the ground that applicant failed to use his mark "in commerce"); *Universal Overall Co. v. Stonecutter Mills Corp.,* 54 C.C.P.A. 1541, 379 F.2d 983, 984–85, 154 U.S.P.Q. 104, 105 (C.C.P.A. 1967) (entertaining an opposition on the ground that the application contained fraudulent information. *See* Section 33(a), (b)(1), 15 U.S.C. § 1115(a), (b)(1) (1994)); *see also Best Lock Corp. v. Schlage Lock Co.,* 56 C.C.P.A. 1472, 413 F.2d 1195, 1199, 162 U.S.P.Q. 552, 555 (C.C.P.A. 1969) (entertaining an opposition on the ground that the subject matter of applicant's registration was functional: "the [Lanham] Act is premised on the idea that only non-functional configurations may be registrable thereunder.").

matter which AGB seeks to register, while an unusual situation, does not create an exemption from the statutory and regulatory requirement to state grounds in support of his opposition.

Young also asserts that AGB's steer statue is either generic or merely descriptive of AGB's restaurant services and hence not registrable under Section 2, but candidly admits that AGB's entitlement to trademark protection is "not precisely before this court." Young's Opening Brief at 22. We agree that this issue is not before us because it was not pleaded by Young in his Notice of Opposition, and therefore was not before the Board. *See Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941) (noting that an appellate court will ordinarily only give consideration to issues raised below because this ensures that "parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence."). In any event, it is undisputed that AGB is not seeking to register the steer mark for the sale of steers, but only for restaurant services.

We have considered the parties' remaining arguments, but find them to be unpersuasive.

## CONCLUSION

The Board did not err in dismissing Young's opposition under Rule 12(b)(6) because Young did not plead a statutory ground negating AGB's entitlement to registration. Accordingly, the decision of the Board is

*AFFIRMED.*