THIS OPINION IS CITABLE
AS PRECEDENT OF
THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3513**

EAD
June 5, 2003

Opposition No. 125,728

Marilyn Carano a/k/a Lynn
Carano d/b/a Lynn Carano
Graphics

v.

Vina Concha Y Toro S.A.

Before Cissel, Seeherman, and Rogers, Administrative
Trademark Judges.

By the Board:

This case comes up on applicant's motion to dismiss for
failure to state a claim for which relief can be granted
under Fed. R. Civ. P. 12(b)(6). The motion has been fully
briefed.[1]

---

[1] In its reply brief, applicant requests that the Board refuse
consideration of opposer's late response to applicant's motion to
dismiss, and to grant the motion to dismiss as conceded.
Applicant's motion to dismiss includes a certificate of service by
first class mail dated August 30, 2002, making opposer's response
due September 19, 2002. *See* Trademark Rules 2.119(c) and
2.127(a), 37 C.F.R. Sections 2.119(c) and 2.127(a). Opposer's
response to the motion to dismiss included a certificate of
mailing dated September 20, 2002. Thus, it was one day late.

In view of the *de minimis* amount of time the brief was late,
and the potentially dispositive nature of applicant's motion,
applicant's request that the Board treat the motion as conceded is
denied. The Board considered opposer's brief in reaching its
decision herein.

On July 3, 2002, Marilyn Carano a/k/a Lynn Carano d/b/a Lynn Carano Graphics filed a Notice of Opposition against application Serial No. 76/182,529[2] on the ground that applicant is not the owner of the design portion of the mark sought to be registered (shown below).



Specifically, opposer asserts that she is an individual working professionally as a graphic artist; that in September 1999, pursuant to an oral agreement with two individuals unrelated to applicant, opposer prepared and provided to those individuals designs for brand imaging and various art presentations for applicant's wines; that in May 2000, while doing further work for one of the above-mentioned individuals, opposer was presented with a "sell sheet" for applicant's wines showing the mark which is the subject of application Serial No. 76/182,529 on a wine bottle; that the

---

[2] Application Serial No. 76/182,529 was filed on December 18, 2000 under Trademark Act Section 1(b) based on applicant's assertion of a *bona fide* intention to use the mark CONCHA Y TORO EST. 1883 and design in commerce on "wines." The wording "EST. 1883" has been disclaimed.

design portion of the mark on the sell sheet is virtually identical to one of the designs prepared by opposer; that opposer thereafter registered her design with the Copyright Office; that on November 9, 2000, counsel for opposer provided written notice to applicant and applicant's predecessor of opposer's claimed rights in the design and her objection to applicant's use thereof; that opposer and her counsel met with applicant, applicant's predecessor and the individuals for whom applicant had agreed to provide the design to discuss opposer's rights to the copyrighted design; that applicant was aware of opposer's contention that applicant was not the owner of the design portion of the mark on December 18, 2000, when applicant filed application Serial No. 76/182,529 to register the mark in question; that on June 27, 2001, opposer filed a civil action in the United States District Court for the Southern District of New York alleging, inter alia, that opposer is the owner of the copyrighted design and that applicant's use constitutes copyright infringement; and that opposer does not claim copyright infringement as a ground for opposition, but opposer does claim as the ground for opposition that applicant is not the owner of the design portion of the mark sought to be registered and that opposer will be damaged by registration of the design portion of applicant's mark.

On September 3, 2002, in lieu of an answer, applicant filed the instant motion to dismiss for failure to state a claim alleging, in essence, that opposer has merely brought a claim of copyright infringement; that opposer's claim of copyright infringement will be decided by the U.S. District Court in opposer's pending copyright infringement action; that opposer's claim that applicant is not the owner of the design portion of the mark sought to be registered and that opposer will be damaged by registration of the design portion of applicant's mark is "nothing more than a copyright claim in disguise"; that opposer's only support for her allegation that applicant is not the owner of the mark is her argument that applicant is a copyright infringer; that, notwithstanding opposer's allegations to the contrary, copyright infringement is the sole basis for this opposition; that the Board does not have the authority to determine the validity of opposer's copyright and whether the design portion of applicant's mark infringes opposer's copyright; and that, even if the Board had the authority to decide these issues, the instant proceeding should be dismissed because opposer has failed to allege any statutory ground for denying registration of applicant's mark.

In opposition to the motion to dismiss, opposer asserts that artwork exists for which a copyright registration has issued to opposer; that litigation is presently pending in

federal court regarding opposer's claim that applicant's trademark for substantially the same design infringes opposer's copyright; that the instant opposition does not claim copyright infringement; that the Board may properly adjudicate the ownership of the copyright to determine independently applicant's right to register the subject mark; that opposer has pleaded a statutory ground for denying registration insofar as Trademark Act Section 1 provides that the "owner" of a trademark used in commerce may request registration of the mark and applicant is not the owner of the design portion of applicant's mark; and that the Board has jurisdiction both to determine the owner of the artwork and to refuse trademark registration because applicant is not the owner of the artwork.[3]

A motion to dismiss for failure to state a claim upon which relief may be granted is a test solely of the legal sufficiency of the complaint. *See Libertyville Saddle Shop*

---

[3] In its brief, opposer states for the first time that "one of Opposer's statutory grounds for denying the registration is Section 43(a)(1)(A)" of the Trademark Act. As noted by applicant, this ground was not pleaded by opposer as ground for opposition, and thus cannot be considered.

Moreover, opposer is advised that the Trademark Act provides several causes of action which the Board cannot entertain in opposition and/or cancellation proceedings. These include, *inter alia*, questions of trademark infringement and unfair competition. *See Andersen Corp. v. Therm-O-Shield Int'l, Inc.*, 226 USPQ 431 (TTAB 1985)(Board may not entertain any claim based on Section 43(a) of the Trademark Act); and *Electronic Water Conditioners, Inc. v. Turbomag Corp.*, 221 USPQ 162 (TTAB 1984) (unfair competition and Section 43(a) claims are outside the jurisdiction of the Board).

*Inc. v. E. Jeffries & Sons Ltd.*, 22 USPQ2d 1594 (TTAB 1992). In order to withstand such a motion, a pleading need only allege such facts as would, if proved, establish that the plaintiff is entitled to the relief sought, that is, (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for denying the registration sought therein. *See Lipton Industries, Inc. v. Ralston Purina Company*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982).

Insofar as opposer has alleged that she and not applicant is the proper owner of the design portion of the mark, the parties do not dispute that the Notice of Opposition sets forth facts which, if proved, would constitute standing to oppose. *Young v. AGB Corp.,* 152 F.3d 1377, 47 USPQ2d 1752 (Fed. Cir. 1998). This case turns on whether the Notice of Opposition includes a valid ground for denying the registration sought.

The Board's reviewing court has determined that the "valid ground" for denying registration that must be alleged and ultimately proved by an opposer must be a "statutory ground which negates the appellant's right to the subject registration." *Young, supra*, at 1754. Although cancellation and opposition is most often premised on the grounds listed in Section 2 of the Trademark Act, other grounds which negate entitlement to a registration also exist in the Trademark Act. *Id., citing, e.g., Community of Roquefort v. Santo*, 443

6

F.2d 1196, 1199-1200, nn. 6-7, 170 USPQ 205, 208, nn. 6-7

(CCPA 1971)(entertaining an opposition under Section 1 on the

ground that applicant failed to use his mark "in commerce");

*Best Lock Corp. v. Schlage Lock Co.*, 413 F.2d 1195, 1199, 162

USPQ 552, 555 (CCPA 1969)(entertaining an opposition on the

ground that the subject matter of applicant's registration

was functional); and *Universal Overall Co. v. Stonecutter*

*Mills Corp.*, 379 F.2d 983, 984-85, 154 USPQ 104, 105 (CCPA

1967)(entertaining an opposition on the ground that the

application contained fraudulent information). *See also* Vol.

3, J. Thomas McCarthy, McCarthy on Trademarks and Unfair

Competition §20:13 (4^(th) ed. 2003).

An allegation of copyright infringement alone does not

constitute the necessary statutory ground which negates the

appellant's right to the subject registration. *Selva & Sons,*

*Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 217 USPQ 641

(Fed. Cir. 1983), *citing Knickerbocker Toy Co. v. Faultless*

*Starch Co.*, 467 F.2d 501, 175 USPQ 417 (CCPA 1972).

Questions of copyright are left to the federal courts as

specified in the Copyright Act (28 U.S.C. §1338(a)) or to

administrative agencies with specified authority to address

copyright issues, e.g., the International Trade Commission

(37 U.S.C. 1337). Thus, the Board has no jurisdiction to

determine copyright infringement.

In fact, the statutory schemes set out in the Copyright Act and the Trademark Act are entirely separate and independent, and protect different rights even when those rights arise from the same words and/or designs. In this regard, the Court of Customs and Patent Appeals stated:

> What appellant seems to have lost sight of in its pleadings in the opposition and two cancellations is that in the Patent Office it can properly attack only appellee's right to register and that the Patent Office is not the place to complain about appellee's conduct in using representations of the Raggedy Ann doll or publishing representations of it. Such conduct is no concern of the Patent Office, and allegations thereof are truly immaterial if not impertinent also. The allegations of the pleadings should be restricted to matters bearing on appellee's right to register and actual or potential damage to appellant from registration. The existence of copyright, copyright registration, and property rights derived therefrom may be relevant to these matters, but allegations of copyright infringement and unfair competition, which are intermingled with such statements of fact and law in the present pleadings, are not.

*Knickerbocker Toy Co. v. Faultless Starch Co.*, *supra,* at 423.

So long as opposer pleads a valid ground for denying the trademark registration sought, the Board may determine some limited copyright issues to the extent necessary in determining questions of trademark registration. *See Knickerbocker Toy Co.* at 423 ("[W]e do not wish to be read as holding that the board is * * * precluded from passing on the validity of a copyright if it is necessary to do so in the course of the exercise of its statutory jurisdiction").

However, the question here is whether opposer's allegation that applicant is not the owner of the design portion of the mark is a statutory trademark claim which brings this case within the Board's authority, or merely a guise for opposer's copyright infringement claim.

We agree with applicant that the Notice of Opposition fails to set forth a statutory trademark claim. Opposer's argument that a trademark applicant that bases its application on Trademark Act Section 1(b) (intent-to-use) must assert ownership of the mark is inaccurate. Trademark Act Section 1(a) applies to applications to register trademarks used in commerce, and requires a verified statement that applicant believes that he or she, or the juristic person in whose behalf he or she makes the verification, is the owner of the mark sought to be registered. Trademark Act Section 1(a)(3)(A), 15 U.S.C §1051(a)(3)(A). The opposed application was filed under Trademark Act Section 1(b), which applies to applications to register trademarks based on an applicant's assertion of a *bona fide* intention to use a mark in commerce, and requires a verified statement that applicant believes that he or she, or the juristic person in whose behalf he or she makes the verification, is entitled to use the mark in commerce. Trademark Act Section 1(b)(3)(A), 15 U.S.C §1051(b)(3)(A). In this respect, we construe opposer's argument as an

9

allegation that applicant neither owns nor is entitled to use the mark for which registration is sought.

Opposer's argument, so construed, that the statutory basis for opposition lies in applicant's failure to own or be entitled to use the design portion of its mark in contravention of Trademark Act Section 1, is not distinct from opposer's copyright claim. Opposer asserts no facts in support of her claim which relate clearly to any claim besides copyright infringement. The absence of a trademark claim separable from the copyright claim is acknowledged in opposer's argument (Response Opposing Applicant's Motion to Dismiss, p. 4-5) that "It is implausible that the position of the Patent and Trademark Office would be that one could be deemed the 'owner' of a mark sought to be registered when another had obtained a valid registration from the Copyright Office for the same artwork sought to be registered as a trademark."

In sum, opposer does not dispute that unless applicant is a copyright infringer, applicant is entitled to registration of its trademark. As discussed, the Board does not have jurisdiction to determine copyright infringement claims. Thus, until such time as a federal court declares the design portion of applicant's mark to be an infringement of opposer's copyright, opposer does not have a cognizable claim that applicant's use of its mark is unlawful. Because

10

the Notice of Opposition presents no statutory trademark issues to be decided by the Board, applicant's motion to dismiss for failure to state a claim is granted.

The opposition is dismissed without prejudice.[4]

---

[4] Because the instant proceeding is dismissed without prejudice, if the court, in the pending copyright infringement suit, finds the design portion of applicant's mark to infringe opposer's copyright, but does not order, pursuant to Section 37 of the Trademark Act (15 U.S.C. Section 1119), the cancellation of any registration which may have issued from the subject application, opposer could subsequently file a Petition to Cancel which pleads unlawful use based on the court's determination of copyright infringement.