THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

GMM

Mailed: September 23, 2016

Opposition No. 91226028 (parent)
Opposition No. 91226029

*Wise F&I, LLC*; *Financial Gap,*
*Administrator LLC*; *Vehicle Service*
*Administrator LLC*; *and Administration*
*America LLC*

*v.*

*Allstate Insurance Company*

**Before Shaw, Kuczma, and Gorowitz,**
**Administrative Trademark Judges**

**By the Board:**

This case comes before the Board for consideration of Applicant's April 6, 2016, motions to dismiss the notice of opposition in each of the above-captioned proceedings for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Each motion is fully briefed.

As discussed below, we hereby consolidate Opposition Nos. 91226028 and 91226029. We hereby vacate the Board's August 8, 2016, order in Opposition No. 91226028. In this decision, we consider the motions filed in each proceeding.

1. **Consolidation**

Consolidation is discretionary with the Board and may be ordered *sua sponte. See, Venture Out Props. LLC v. Wynn Resorts Holdings LLC*, 81 USPQ2d 1887, 1889 (TTAB 2007); *8440 LLC v. Midnight Oil Co.*, 59 USPQ2d 1541, 1541 n.1 (TTAB 2001). Because Opposition Nos. 91226028 and 91226029 involve common questions of law and fact, as discussed below, we hereby consolidate them. *See* Fed. R. Civ. P. 42(a); *See* Fed. R. Civ. P. 42(a); *Regatta Sport Ltd. v. Telux-Pioneer Inc.*, 20 USPQ2d 1154 (TTAB 1991); *Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382 (TTAB 1991).

The consolidated proceedings may be presented on the same record and briefs. *See Hilson Research Inc. v. Soc'y for Human Resource Mgmt.*, 27 USPQ2d 1423, 1424 n.2 (TTAB 1993); *Helene Curtis Indus. Inc. v. Suave Shoe Corp.*, 13 USPQ2d 1618 (TTAB 1989). The Board file will be maintained in Opposition No. 91226028 as the "parent case." From this point on, only a single copy of all motions and papers should be filed, and each such motion or paper should be filed in the parent case only, but caption all consolidated proceeding numbers, listing the "parent case" first.[1]

Despite being consolidated, each proceeding retains its separate character and requires entry of a separate judgment. The decision on the consolidated cases shall take into account any differences in the issues raised by the respective pleadings; a copy of the decision shall be placed in each proceeding file.

---

[1] The parties should promptly inform the Board of any other Board proceedings or related cases within the meaning of Fed. R. Civ. P. 42, so that the Board can consider whether further consolidation is appropriate.

## 2. __Background__

Applicant filed applications to register the marks MILEWISE[2] and ALLSTATE MILEWISE,[3] respectively, in standard character form for "[i]nsurance services, namely, writing and underwriting of property and casualty insurance and providing ancillary services thereto, namely, administration and claims adjustment," in International Class 36.

Opposers jointly filed notices of opposition against both applications, in each case claiming likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. § 1052(d).[4]

In support of their claim, Opposers have alleged prior use and registration of the following marks, which collectively identify services including automotive finance, insurance, and warranty services, and identity theft insurance:

- Reg. No. 4249179 for the mark WISE F&I (standard character form), owned by Wise F&I, LLC;

- Reg. No. 4778223 for the mark ONWISE (standard character form), owned by Wise F&I, LLC;

- Reg. No. 2800305 for the mark TIREWISE (typed drawing form), owned by Vehicle Service Administrator LLC;

---

[2] Application Serial No. 86668531, filed on June 19, 2015, based on Applicant's allegation of its bona fide intent to use the mark under Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

[3] Application Serial No. 86668505, filed on June 19, 2015, based on Applicant's allegation of its bona fide intent to use the mark under Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

[4] Other than the difference between the marks being opposed, the notices of opposition are identical. Applicant's motions to dismiss and the parties' briefs relating to the motions in each case also are identical. Accordingly, citations to the record are to the TTABVUE electronic docket entries for Opposition No. 91226028.

- Reg. No. 4372307 for the mark WISECARE (standard character form), owned by Vehicle Service Administrator LLC;

- Reg. No. 2363547 for the mark GAPWISE (typed drawing form), owned by Financial Gap Administrator LLC;

- Reg. No. 3611703 for the mark ID THEFTWISE (standard character form), owned by Administration America LLC;

- Reg. No. 3086022 for the mark THEFTWISE (typed drawing form), owned by Administration America LLC;

- Reg. No. 2745080 for the mark ETCHWISE (typed drawing form), owned by Administration America LLC.

Notice of Opposition, ¶¶ 7–8 (1 TTABVUE 8–9).[5]

Opposers also claim prior use of the mark KEYWISE, which, at the time the notice of opposition was filed, was the subject of pending application Serial No. 86625442,[6] filed on May 11, 2015, by Administration America LLC, as well as prior use of the unregistered mark WISETVP.[7] Notice of Opposition, ¶¶ 7–8 (1 TTABVUE 8–9).

---

[5] A "typed" drawing is the legal equivalent of a "standard character" drawing. Prior to November 2, 2003, "standard character" drawings were known as "typed" drawings. *See* TMEP § 807.03(i) (2016).

[6] On August 9, 2016, this application matured to registration as Registration No. 5015652. The pleading of the application provides sufficient notice to Applicant of Opposers' intention to rely on the resulting registration. *See, e.g.*, *United Global Media Group, Inc. v. Tseng*, 112 USPQ2d 1039, 1040 n.3 (TTAB 2014); *UMG Recordings Inc. v. O'Rourke*, 92 USPQ2d 1042, 1045 n.12 (TTAB 2009). However, because we are allowing Opposers time to amend their notices of opposition, as discussed *infra*, Opposers should plead Registration No. 5015652 in their amended notices of opposition. Opposers must make the registration of record in order to rely on it at trial. *See UMG Recordings*, 92 USPQ2d at 1045.

[7] The notices of opposition fail to specify the owner of the mark WISETVP and the goods or services with which the mark is used. To plead this mark as a basis for the Section 2(d) claim, Opposers must amend the notices of opposition to specify the owner of the mark and the goods or services with which the mark is used. At the conclusion of this order, we allow Opposers time to do so.

Opposers allege that Administration America LLC, Financial Gap Administrator LLC, and Vehicle Service Administrator LLC are all subsidiaries of Opposer Wise F&I, LLC. Notice of Opposition, ¶ 5 (1 TTABVUE 8).

Opposers further allege that prior to the filing date of Applicant's intent-to-use applications, "Opposers began using, and have continuously used in interstate commerce, a family of WISE marks wherein the term WISE is the family indicator … in connection with automotive finance and insurance products and services, and other products and services." *Id*. at ¶ 7.

Opposers allege that Applicant's marks MILEWISE and ALLSTATE MILEWISE "so resemble[] Opposers' WISE Family of Marks as to be likely, when used in connection with the applied-for services, to cause confusion or to cause mistake or to deceive[.]" *Id*. at ¶ 10.

In lieu of an answer, in each case Applicant filed the instant motions to dismiss. In its motions, Applicant contends that as a threshold matter a Section 2(d) claim predicated on a family of marks is not available to Opposers because Opposers' pleaded marks and registrations are not owned by a single entity, and thus, as a matter of law, the common characteristic of the alleged family of marks cannot identify a common source of origin. Applicant further contends that Opposers have not alleged facts sufficient to support their allegation of ownership of a family of marks because Opposers have not alleged that the common characteristic of the marks is distinctive and that the marks have been used and promoted in such a

manner that the public associates not only the individual marks, but the common characteristic of the family, with a single source.[8]

Additionally, Applicant argues that Opposers' Section 2(d) claim is predicated solely on an allegation of likelihood of confusion regarding the alleged family of marks, and not on the individual marks. It is Applicant's position that if Opposers' claim of ownership of a family of marks is dismissed, then the oppositions must be dismissed in their entireties because Opposers have not asserted the individual marks as independent bases for the Section 2(d) claim.

### 3. **Applicant's Motions to Dismiss**

A motion to dismiss for failure to state a claim upon which relief can be granted is a test solely of the sufficiency of the complaint. *Advanced Cardiovascular Sys. Inc. v. SciMed Life Sys. Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993); *NSM Research Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1032 (TTAB 2014); TBMP § 503.02 (2016). In order to withstand a motion to dismiss, a plaintiff need only allege facts that, if proved, would establish that (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for denying the registration of the mark. *Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); *Doyle v. Al Johnson's Swedish Rest. & Butik Inc.*, 101 USPQ2d 1780, 1782 (TTAB 2012). Specifically, a complaint must contain "sufficient factual matter, accepted as true, to

---

[8] The Board has not considered Applicant's arguments that Opposers will be unable to prove that the pleaded marks and registrations constitute a family of marks. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *See, e.g., Scotch Whiskey Assoc. v. U.S. Distilled Prods. Co.*, 18 USPQ2d 1391, 1393 (TTAB 1991).

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the context of *inter partes* proceedings before the Board, a claim is plausible on its face when the plaintiff pleads factual content that, if proved, would allow the Board to conclude, or draw a reasonable inference, that the plaintiff has standing and that a valid ground for refusing registration exists. *Cf. Twombly,* 550 U.S. at 556. A plaintiff is not under a burden to prove its case in its complaint. *Enbridge, Inc. v. Excelerate Energy Ltd. P'ship*, 92 USPQ2d 1537, 1543 n. 10 (TTAB 2009). Rather, all of the plaintiff's well-pleaded allegations must be accepted as true, and the complaint must be construed in the light most favorable to the plaintiff. *See, e.g.*, *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1027 (Fed. Cir. 1999); *Advanced Cardiovascular Sys.*, 26 USPQ2d at 1041; *Doyle*, 101 USPQ2d at 1782.

### a. Standing

When a notice of opposition is filed by joint opposers, each opposer must plead, and ultimately prove, that it has a "real interest," *i.e.*, a direct and personal stake, in the outcome of the proceeding, as well as a "reasonable basis" for its belief of damage. *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1063 (Fed. Cir. 2014); *Ritchie v. Simpson*, 50 USPQ2d at 1025-26. *See also Chem. New York Corp. v. Conmar Form Sys., Inc.* 1 USPQ2d 1139 (TTAB 1986) (each opposer must prove its own standing); TBMP § 303.06.

With the notices of opposition, Opposers submitted status and title copies of their pleaded registrations. As noted above, each Opposer owns at least one of the pleaded

registrations. Opposers therefore have sufficiently alleged their standing to bring this proceeding.[9] *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982).

### b. **Opposers' Allegation of a "Family of Marks"**

A plaintiff must plead ownership of a family of marks in its complaint in order to rely on the marks as a family as a basis for sustaining the opposition at trial or in a motion for summary judgment. *See Productos Lacteos Tocumbo S.A. de C.V. v. Paleteria La Michoacana Inc.*, 98 USPQ2d 1921, 1927 (TTAB 2011); *Sunnen Prods. Co. v. Sunex Int'l Inc.*, 1 USPQ2d 1744, 1747 n.12 (TTAB 1987).

The threshold issue is whether Opposers are entitled to allege a family of marks as a basis for a Section 2(d) claim when Opposers' pleaded marks and registrations are not all owned by a single legal entity.

Opposers contend that the family of marks doctrine "does not require that the marks all be owned by one entity," but only that the marks share a common origin where the shared characteristic of the marks is recognized as "indicative of a common origin of the goods [or services]." Opposer's Br. at 5–6 (9 TTABVUE 6–7).

---

[9] Opposers' allegations regarding their pleaded marks and registrations are set forth in what amounts to a single set of broad allegations. *See* Notice of Opposition, ¶¶ 7–8 (1 TTABVUE 8–9). If Opposers avail themselves of the opportunity to file amended notices of opposition, as provided for at the end of this order, then in the amended notices Opposers must set forth each pleaded mark and registration in a separate numbered paragraph so that Applicant can separately admit or deny Opposers' allegations with respect to each one.

In support of their respective positions, both parties quote *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991). Applicant relies on the Federal Circuit's statement that marks constituting a family must be "composed and used in such a way that the public associates not only the individual marks, but the common characteristic of the family, with the *trademark owner*." Applicant's Mot., p. 5 (6 TTABVUE 6), citing *J & J Snack Foods*, 18 USPQ2d at 1891 (emphasis by Applicant). Opposers respond by quoting the Federal Circuit's statements that "[t]here must be a recognition among the purchasing public that the common characteristic is indicative *of a common origin of the goods*" and that "[i]t is thus necessary to consider the use, advertisement, and distinctiveness of the marks, including assessment of the contribution of the common feature to the recognition of the marks as of *common origin*." Opposers' Br. at 6 (9 TTABVUE 7), citing *J & J Snack Foods*, 18 USPQ2d at 1891–92 (emphasis by Opposers).

Opposers also argue that a "common origin" need not be a single legal entity. In support of their position, Opposers rely on the *Wella A.G.* cases, *In re Wella A.G.*, 787 F.2d 1549, 229 USPQ 274 (Fed. Cir. 1986) (*Wella I*) and *In re Wella A.G.*, 5 USPQ2d 1359, 1361 (TTAB 1987) (*Wella II*), *rev'd on other grounds*, 8 USPQ2d 1365 (Fed. Cir. 1988).[10] *Wella I* and *Wella II* involved Wella A.G.'s application to register the mark WELLASTRATE for hair care products. The examining attorney refused registration under Section 2(d) in view of the marks WELLA, WELLASOL, WELLA STREAK and

---

[10] Although Opposers only cite *Wella II* in their brief, consideration of *Wella II* necessarily involves consideration of the Federal Circuit's decision in *Wella I*.

9

WELLATONE for various hair care products, all registered in the name of Wella Corporation (Wella U.S.), a subsidiary of Wella A.G. The Board affirmed the refusal to register, holding that Section 2(d) of the Trademark Act bars registration of a mark that so resembles a mark registered or used "by another" as to be likely to cause confusion, and that because Wella U.S. was a separate legal entity from Wella A.G., Wella U.S. was "another entity" within the meaning of Section 2(d). Wella A.G. appealed the Board's decision to the U.S. Court of Appeals for the Federal Circuit. The Federal Circuit vacated the Board's decision and remanded the application to the Board for further action in accordance with its opinion, stating:

> The question is whether, despite the similarity of the marks and the goods on which they are used, the public is likely to be confused about the source of the hair straightening products carrying the trademark "WELLASTRATE." In other words, is the public likely to believe that the source of that product is Wella U.S. rather than the German company or the Wella organization. … *If the Wella family of marks connotes to consumers only a single source for all Wella products, namely the Wella organization, it is difficult to see how Wella A.G.'s use of the mark "WELLASTRATE" would cause confusion as to source because of Wella U.S.'s use of other Wella marks.*

*Wella I*, 229 USPQ at 276 (emphasis added).

On remand, the Board stated that:

> [A] determination must be made as to … *whether purchasers would believe that particular goods or services emanate from a single source, when in fact those goods or services emanate from more than a single source. Clearly, the [Federal Circuit] views the concept of "source" as encompassing more than "legal entity."* Thus, in this case, we are required to determine whether Wella A.G. and Wella U.S. are the same source or different sources. If we find that the two entities are the same source, there could, of course, be no confusion as to source, and the refusal

> under Section 2(d) may not stand. The question of whether Wella U.S. and Wella A.G. are the same source is a question of fact.

*Wella II*, 5 USPQ2d at 1361 (emphasis added). The Board found that the two entities comprised a single source and reversed the Section 2(d) refusal.

We agree with Opposers that in the context of the "family of marks" inquiry, the concept of common origin ("source") may encompass more than one entity. In view of the *Wella I* and *Wella II* decisions, it logically follows that related entities can rely on a family of marks as a basis for a Section 2(d) claim – notwithstanding the fact that the pleaded marks are not all owned by a single entity – if the complaint contains sufficient factual allegations that they are related, and that there is unity of control over the pleaded marks such that the marks are indicative of a single source, and all of the other elements for pleading a family of marks are satisfied.

With respect to unity of control, the Board stated in *Wella II* that:

> Besides the existence of a legal relationship, there must also be a unity of control over the use of the trademarks. "Control" and "source" are inextricably linked. If, notwithstanding the legal relationship between entities, each entity exclusively controls the nature and quality of the goods to which it applies one or more of the various "WELLA" trademarks, the two entities are in fact separate sources.

*Wella II*, 5 USPQ2d at 1361.

Here, Opposers plead only that Opposers Administration America LLC, Financial Gap Administrator LLC, and Vehicle Service Administrator LLC "are each subsidiaries of [Opposer] Wise F&I." Notice of Opposition, ¶ 5 (1 TTABVUE 8). Opposers have failed to allege that the use of the pleaded marks and the nature and

11

quality of the services sold under the pleaded marks by the different Opposers are controlled by one of the Opposers such that the marks identify a single source for all of the services identified by the respective marks. "What establishes 'unity of control' depends on the circumstances in every case." *In re Wacker Neuson SE*, 97 USPQ2d 1408, 1413 (TTAB 2010). Pursuant to *Wella II*, in addition to the existence of a legal relationship, there must also be a unity of control over the use of the marks and the nature and quality of the goods or services to which the marks apply. *Wella II*, 5 USPQ2d at 1361. In *Wella* II "unity of control" was found to exist because the applicant, Wella AG, owned substantially all of the outstanding stock of the registrant, Wella (USA), and "thus control[led] the activities and operations of Wella U.S., including the selection, adoption and use of the trademarks." *Id*.

We find that an allegation of "unity of control" is a necessary element for asserting a claim under Section 2(d) on the basis of a family of marks based on marks owned by separate legal entities. Because Opposers have not made such an allegation, the notice of opposition fails to state a Section 2(d) claim based on the ownership of a family of marks.

We next consider Applicant's contention that apart from the ownership issue, Opposers have not set forth in the notice of opposition facts sufficient to support the allegation that the pleaded marks constitute a family. Applicant correctly cites authority for the proposition that "[s]imply using a series of similar marks does not of itself establish the existence of a family." *J & J Snack Foods*, 18 USPQ2d at 1891–92; *see also Truescents LLC v. Ride Skin Care, LLC,* 81 USPQ2d 1334, 1337–38 (TTAB

2006). To assert ownership of a family of marks a plaintiff must allege, and ultimately prove: (1) prior use of marks sharing a recognizable common characteristic; (2) that the common characteristic is distinctive (*i.e.*, not descriptive or highly suggestive or so commonly used in the trade that it cannot function as the distinguishing feature of any party's mark); and (3) that prior to the defendant's first use (or constructive first use) of its involved mark, plaintiff's marks have been used and advertised in promotional material or in everyday sales activities in such a manner as to create common exposure and thereafter recognition among the purchasing public such that the common characteristic is itself indicative of a common origin of the goods or services. *See, e.g.*, *Truescents,* 81 USPQ2d at 1337–38.

Here, Opposers allege prior use and ownership of marks sharing the common characteristic "WISE." Notice of Opposition, ¶¶ 7–8 (1 TTABVUE 8–9). However, Opposers' claim is factually deficient because Opposers have failed to plead that the common element "WISE" is distinctive. *See, e.g.*, *Land-O-Nod Co. v. Paulison*, 220 USPQ 61, 65–66 (TTAB 1983); *Truescents,* 81 USPQ2d at 1338 (quoting *Land-O-Nod Co.*). Additionally, Opposers have failed to adequately plead that their marks, or a number of them, have been used and advertised in such a manner that the public associates not only the individual marks, but the common characteristic of the putative family, with a single source. *See Truescents*, 81 USPQ2d at 1337, citing *Am. Standard, Inc. v. Scott & Fetzer Co.*, 200 USPQ 457, 461 (TTAB 1978). Because Opposers have failed to allege all of the necessary elements of a family of marks claim, the notice of opposition fails to state a claim upon which relief can be granted.

### c. <u>Opposers' Individual Marks</u>

Applicant contends that the opposition should be dismissed in its entirety because Opposers have pleaded only the putative family of marks as the basis for their Section 2(d) claim, and not the individual marks and registrations.

In response, Opposers rely upon *Citigroup v. Capital City Bank Group*, 94 USPQ2d 1645, 1657 (TTAB 2010), *aff'd,* 637 F.3d 1344, 98 USPQ2d 1253 (Fed. Cir. 2011), for the general proposition that if the Board determines that a plaintiff has not established a family of marks, then the Board will undertake a likelihood of confusion analysis based on the plaintiff's individual marks. However, the general proposition cited by Opposers does not apply in this instance. Here Opposers did not allege that there would be a likelihood of confusion with any one of the pleaded marks that Opposers identified as comprising the "WISE Family of Marks." Rather, Opposers explicitly pleaded the family of marks as the sole basis for the Section 2(d) claim by alleging only that "Applicant's mark ALLSTATE MILEWISE *so resembles Opposers' WISE Family of Marks* as to be likely, when used in connection with the applied-for services, to cause confusion or to cause mistake or to deceive[.]" Notice of Opposition, ¶ 10 (1 TTABVUE 9) (emphasis added). In view of Opposers' explicit allegation, there is no basis for construing Opposers' pleading as asserting the individual WISE-formative marks as independent bases for the Section 2(d) claim. Accordingly, with respect to Opposers' individual marks, the notice of opposition fails to state a claim upon which relief can be granted.

### 3. **Determination**

For the reasons discussed above, the Board finds that Opposers have failed to plead facts sufficient to allege the necessary elements of a Section 2(d) claim based either on a family of marks or on the individual marks. Each of Applicant's motions to dismiss therefore is **granted** in its entirety. Because we are granting leave to replead, as explained below, the dismissals are without prejudice.

### 4. **Leave to Amend Pleadings**

Upon granting a motion to dismiss, the Board may exercise its discretion to allow a plaintiff the opportunity to cure a defective pleading. *See Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 USPQ2d 1203, 1208 (TTAB 1997); *Miller Brewing Co. v. Anheuser-Busch Inc.*, 27 USPQ2d 1711, 1714 (TTAB 1993). *See also* TBMP § 503.03. Accordingly, Opposers are allowed until **THIRTY DAYS** from the mailing date of this order in which to submit amended notices of opposition, failing which the oppositions will be dismissed with prejudice. In view of the consolidation of Opposition Nos. 91226028 and 91226029, Opposers may file a single, consolidated amended notice of opposition. *See* TBMP § 305.01.

Applicant is allowed until **THIRTY DAYS** from the date of service of any amended notice of opposition to file an answer thereto.

### 5. **Proceedings are Resumed**

Proceedings are resumed. Consistent with the time allowed for leave to replead, disclosure, discovery, and trial dates are reset as indicated below:

| Deadline for Discovery Conference | 12/22/2016 |
| Discovery Opens | 12/22/2016 |

| | |
|---|---|
| Initial Disclosures Due | **1/21/2017** |
| Expert Disclosures Due | **5/21/2017** |
| Discovery Closes | **6/20/2017** |
| Plaintiff's Pretrial Disclosures | **8/4/2017** |
| Plaintiff's 30-day Trial Period Ends | **9/18/2017** |
| Defendant's Pretrial Disclosures | **10/3/2017** |
| Defendant's 30-day Trial Period Ends | **11/17/2017** |
| Plaintiff's Rebuttal Disclosures | **12/2/2017** |
| Plaintiff's 15-day Rebuttal Period Ends | **1/1/2018** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.