THIS OPINION IS A
PRECEDENT OF THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

FSW

Mailed: May 30, 2007

Cancellation No. 92046167

OTTO INTERNATIONAL, INC.

v.

OTTO KERN GMBH

**Before Seeherman, Drost and Walsh,**
**Administrative Trademark Judges.**

By the Board:

This cancellation proceeding was commenced by petitioner, Otto International, Inc., against respondent's registration for the mark OTTO KERN in classes 18 and 25.[1] Before an answer was filed, petitioner filed an amended petition to cancel as a matter of right. See Fed. R. Civ. P. 15(a); Trademark Rule 2.115. Respondent filed (on September 29, 2006) a motion to dismiss the amended petition as untimely, contending that Section 2(d) of the Trademark Act is not a legitimate basis for the petition inasmuch as

---

[1] Registration No. 2432890 for the mark OTTO KERN for goods in International Classes 9, 18 and 25; registered March 6, 2001 on the basis of Section 44(e). The petition to cancel the registration is directed to Classes 18 and 25 only.

the registration is more than five years old.  See Trademark Act Section 14(3); TBMP § 307 (2d ed. rev. 2004).[2]

Petitioner responds to the motion to dismiss by asserting that the basis for the petition is not Section 2(d), but rather that "(1) the registered mark is being used by Registrant so as to misrepresent the source of the goods on or in connection with which the mark is used; or, in the alternative, that (2) the registered mark has been abandoned."

In order to withstand a motion to dismiss, a pleading need only allege such facts as would, if proved, establish that the petitioner is entitled to the relief sought, that is, that (1) the petitioner has standing to maintain the proceeding, and (2) a valid ground exists for cancelling the respondent's registration.  See *Ritchie v. Simpson,* 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999); *Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1755 (Fed. Cir. 1998); *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982).  The pleading must be examined in its entirety, construing the allegations therein liberally, as required by Fed. R. Civ. P. 8(f), to determine whether it contains any allegations, which, if proved, would

---

[2] Petitioner filed the amended petition to cancel on August 28, 2006.  On September 29, 2006, respondent filed an answer to the amended petition.  However, on the same day the answer was filed, respondent asked that the Board disregard its answer, in view of the dispositive nature of the motion to dismiss.  Accordingly, the answer has not been considered.

entitle plaintiff to the relief sought. *McDermott v. San Francisco Women's Motorcycle Contingent,* 81 USPQ2d 1212 (TTAB 2006).

## Standing

Petitioner has alleged ownership of three registrations for the marks OTTO and OTTO and Design,[3] and its belief that damage will result from "any concurrent use of petitioner's marks and that of registrant." The ownership of these registrations would show that petitioners have a "real interest" and a "direct and personal stake" in the outcome of the proceeding. *Ritchie,* 50 USPQ2d at 1025. (Fed. Cir. 1999). Accordingly, we find that petitioner has sufficiently alleged its standing to maintain this cancellation proceeding.[4]

## Grounds for Cancellation

After a careful review of the pleading, we find that petitioner has failed to state a valid ground for canceling the registration, as discussed more fully below.

### 1. Likelihood of Confusion

It is well settled that the grounds on which a cancellation action may be brought under Section 14 of the Trademark Act are limited for a registration that has been in existence for five years; Section 2(d) is not one of

---

[3] Registration Nos. 2947026, 2947027, and 3035238.

[4] Of course, petitioner must prove its standing at trial. See Trademark Rule 2.122(d)(2).

3

these grounds. See *Carefirst of Maryland, Inc. v. FirstHealth of the Carolinas Inc.*, 77 USPQ2d 1492 (TTAB 2005); TBMP § 307 (2d ed. rev. 2004). Thus, to the extent the petition presents allegations of a claim under Section 2(d), they are barred by Section 14(3), inasmuch as respondent's registration is more than five years old.

We find that the allegations in paragraphs 6-10 of the amended petition to cancel are of the type that are typically presented in support of a Section 2(d) claim: paragraphs 6-8 allege actions taken by petitioner to develop the alleged goodwill in its marks, while paragraphs 9 and 10 allege that the parties' respective marks are confusingly similar.

Accordingly, because a claim under Section 2(d) is time-barred under Section 14(3), respondent's motion to dismiss is granted with respect thereto and paragraphs 6-10 of the petition to cancel are stricken.

## 2. *Abandonment*

Paragraph 5 of the amended petition to cancel reads as follows:

> 5. Upon information and belief, Registrant has abandoned use of Registration No. 2432890 for bags, namely, purses, tote bags, overnight bags, shoulder bags, sling bags, traveling bags, hand luggage, and other goods in International Class 018, among others; and clothing for men, women, children and infants, namely, hats and caps, and other goods in International Class 025, among others.

In order to set forth a cause of action to cancel the registration of a mark which assertedly has been abandoned, plaintiff must allege ultimate facts pertaining to the alleged abandonment. See *Clubman's Club Corporation v. Martin*, 188 USPQ 455, 456 (TTAB 1975). The facts alleged must set forth a *prima facie* case of abandonment by a pleading of at least three consecutive years of non-use or must set forth facts that show a period of non-use less than three years coupled with an intent not to resume use. See Section 45 of the Trademark Act; *Imperial Tobacco Ltd. v. Philip Morris Inc.*, 899 F.2d 1575, 14 USPQ2d 1390 (Fed. Cir. 1990). By so alleging, a plaintiff provides fair notice to the defendant of plaintiff's theory of abandonment.

Here, petitioner has provided no facts to support its conclusory allegation of abandonment in paragraph no. 5 of the amended petition to cancel. The allegation that respondent has "abandoned use" makes no claim that respondent has failed to use its mark for a period greater than 3 years, nor does it make the claim that respondent has discontinued use of its mark with an intent not to resume use.

Accordingly, petitioner's pleading of abandonment is legally insufficient.

*3.  Misrepresentation of Source*

We next turn to petitioner's claim that respondent is using the registered mark so as to misrepresent that petitioner is the source of respondent's goods.

"[T]he term misrepresentation of source, as used in Section 14(c) of the Act,[5] refers to situations where it is deliberately misrepresented by or with the consent of the registrant that goods and/or services originate from a manufacturer or other entity when in fact those goods and/or services originate from another party."  *Osterreichischer Molkerei-und Kasereiverband Registriete GmbH v. Marks and Spencer Limited,* 203 USPQ 793, 794 (TTAB 1979); *see also Global Maschinen GmbH v. Global Banking Systems, Inc.*, 227 USPQ 862, 864 n. 3 (TTAB 1985).

A pleading of misrepresentation of source "must be supported by allegations of blatant misuse of the mark by respondent in a manner calculated to trade on the goodwill and reputation of petitioner."  *McDonnell Douglas Corporation v. National Data Corporation,* 228 USPQ 45, 47 (TTAB 1985); *see also* McCarthy, J. Thomas, *3 McCarthy on Trademarks and Unfair Competition*, § 20:60 (4th ed. 2007)("A cancellation claim for misrepresentation under §14(3)

---

[5] Pursuant to the Trademark Law Revision Act of 1988 ("TLRA"), Pub. L. No. 100-667, 102 Stat. 3935 (1988), the original "Section 14(c)" of the Act was redesignated "Section 14(3)."

requires a pleading that registrant deliberately sought to pass off its goods as those of petitioner.").

In *E.E. Dickinson Co. v. T.N. Dickinson Company*, 221 USPQ 713 (TTAB 1984), the Board found that plaintiff had properly pleaded a claim of misrepresentation of source where it pleaded that registrant marketed its goods using a yellow label with red bull's eye design copied from plaintiff's trade dress, packaged its goods in a bottle similar to plaintiff's packaging, and used its mark in a form which obscured the "T.N." portion of T.N. DICKINSON'S so as to "colorably imitate and appropriate petitioner's DICKINSON'S mark." *Id.,* at 715. In contrast, the Board dismissed a claim of misrepresentation of source, in *McDonnell Douglas, supra,* where petitioner, although using language similar to that found in the pleading involved in *E.E. Dickinson,* failed to recite specific facts reflecting respondent's activity that, if proved, "would amount to an attempt to create the impression that petitioner is the source of respondent's services." *Id.,* at 47. Thus, to properly allege misrepresentation of source, a party must do more than make a bald allegation in the language of the statute, as this does not give fair notice of the basis for petitioner's claim.

Petitioner argues that paragraphs 4, 11 and 12 of the petition support its pleading of misrepresentation of source. These paragraphs read as follows:

7

4. Petitioner has been and will continue to be damaged by the issuance and existence of Registration No. 2432890 in that such registration is being used by the Registrant so as to misrepresent the source of the goods on or in connection with which the mark is used.

11. Purchasers are likely to consider the goods of the Registrant sold under the mark OTTO KERN as emanating from Petitioner, and purchase such goods as those of the Petitioner, resulting in loss of sales to Petitioner.

12. Concurrent use of the mark by Registrant and Petitioner may result in irreparable damage to Petitioner's reputation and goodwill if the goods sold by the Registrant are inferior, since purchasers are likely to attribute the source of the Registrant's goods to the Petitioner.

Upon reviewing these allegations, we do not find that petitioner has properly pleaded a claim of misrepresentation of source. Petitioner has not alleged facts reflecting respondent's deliberate misrepresentation of the source of its products, "blatant misuse" of the mark, or conduct amounting to the deliberate passing-off of respondent's goods. Paragraph 4 merely tracks the language of the statute, and does not allege any facts reflecting activity by respondent. Paragraphs 11 and 12 allege loss of sales and "irreparable damage" to petitioner, but there is no mention of specific acts or conduct by respondent aimed at deceiving the public into thinking that respondent's goods actually emanate from petitioner.

The nature of these allegations is of the type that typically support a claim of likelihood of confusion under

Section 2(d), but as we have noted, such ground is no longer available to petitioner. In interpreting Trademark Act Section 14, because Congress barred a likelihood of confusion claim after five years, we cannot conclude that the same facts recast as a misrepresentation of source claim would constitute a cognizable ground for relief. If it were otherwise, Congress' exclusion of claims under Trademark Act Section 2(d) after five years would be rendered meaningless.

Accordingly, respondent's motion to dismiss is granted with respect to petitioner's misrepresentation of source claim and paragraphs 4 and 11-12 are stricken as insufficient under Section 14(3).

*Summary*

Respondent's motion to dismiss is granted, there being no remaining grounds upon which relief may be granted. However, petitioner is allowed until THIRTY DAYS from the mailing date of this order to file an amended petition to cancel if it is able to allege facts that sufficiently set forth a claim of abandonment, whether through pleading of a prima facie case under the statute or by pleading specific facts supporting petitioner's theory of abandonment. Further, if petitioner is aware of any facts that support a misrepresentation of source claim under Trademark Act Section 14(3), it may include such a claim in an amended pleading. Petitioner is reminded of the requirements of

9

Fed. R. Civ. P. 11 and Patent and Trademark Office Rule 10.18.

Respondent is allowed until SIXTY DAYS from the mailing date of this order to file its answer or otherwise respond to petitioner's prospective second amended petition to cancel, if so filed.

-o0o-