Goodman

THIS OPINION IS
A PRECEDENT OF
THE T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: September 25, 2012

Cancellation No. 92055493

SaddleSprings, Inc.

v.

Mad Croc Brands, Inc.

Before Bucher, Zervas and Bergsman, Administrative Trademark Judges.

By the Board:

This case now comes up for consideration of respondent's motion, filed May 29, 2012, to dismiss the petition for cancellation under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Petitioner opposes the motion.

***Background and Petitioner's Allegations***

By way of background, respondent owns a registration for the mark displayed below



for "beers; beverages, namely, mineral and aerated waters, fruit drinks, fruit juices, energy drinks, carbonated soft drinks; frozen concentrated fruit drinks; concentrates and preparations for use in making all the aforesaid beverages" in International Class 32 and "alcoholic beverages, namely, wine, distilled spirits, ready to drink mixed alcoholic drinks; alcoholic extracts; alcoholic beverages containing more than one and two-tenth % of alcohol by volume, namely, ready to drink mixed drinks based on wine and distilled spirits" in Class 33.[1]

Petitioner seeks to cancel respondent's registration, alleging in the petition for cancellation that its pending intent-to-use application to register CROCTAIL for "wine and spirits" in International Class 33 has been refused registration under Section 2(d) based on respondent's registration. Petition for Cancellation ¶¶ 2-3. Petitioner further alleges abandonment, namely that respondent has "either never used the Registered Mark in commerce or completely ceased using Registered Mark, in connection with the goods identified in the Registration for a period of at least three consecutive years," and petitioner alleges additional facts to support these claims. Petition for Cancellation ¶¶ 4, 6-10.

---

[1] Registration No. 3211610 issued February 20, 2007 under Section 66(a) of the Trademark Act, based on International Registration No. 0872639, registered September 23, 2005.

Cancellation No. 92055493

*The Parties' Contentions*

In its motion to dismiss, respondent argues that the registration is subject to Section 71, of the Trademark Act, 15 U.S.C. § 1141k, which provides that "an extension of protection remains in force for the term of the international registration, except that the Director may cancel the extension if the affidavit required by Section 1141k is not timely filed." Respondent submits that the "Director has no authority to cancel the registration prior to the expiration of the time periods set out in Section 1141k, and in no event earlier than August 20, 2013," the expiration of the grace period for filing an affidavit or declaration of use or excusable nonuse, pursuant to Section 1141k. Respondent further argues that petitioner has "failed to plead any facts relevant to Section 1141k," and therefore fails to state a claim.

In response, petitioner argues that respondent's arguments are contrary to Section 69 of the Trademark Act, 15 U.S.C. § 1141(i)(b)(1), which provides that an "extension of protection shall have the same effect and validity as a registration on the Principal Register." Petitioner argues that extensions of protection obtained under Section 66(a) are not, as respondent urges, "exempt from the normal conditions and requirements specified under 15 U.S.C.

3

§ 1064" and that under respondent's interpretation, "even a fraudulently obtained, abandoned, generic or functionable [sic] trademark would be unassailable and remain on the Principal Register for as long as the international registration existed." Petitioner points out that if respondent's interpretation were correct, "extensions of protection that are subject to the requirements of Section 1141(k) would be wholly immune from attack."

*Decision*

In order to survive respondent's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), petitioner's complaint must allege facts which would, if proved, establish that: (1) petitioner has standing to maintain the proceeding; and (2) there is a valid ground for cancelling the Registration. *Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); TBMP § 503.02 (3d ed. rev. 2012). The complaint must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For purposes of a motion to dismiss, all of petitioner's well-pleaded allegations in the petition for cancellation must be accepted as true and the complaint must be construed in a light most favorable to petitioner. *See Advanced*

4

*Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993).

Turning first to the question of standing, petitioner must allege facts in the petition for cancellation which, if ultimately proven, would establish that petitioner has a "'real interest' in the cancellation proceeding." *Herbko International Inc. v. Kappa Books Inc.*, 308 F.3d 1156, 64 USPQ2d 1375, 1377 (Fed. Cir. 2002)(citing *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 220 USPQ 1017, 1020 (Fed. Cir. 1984)); *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982). We find that petitioner has adequately alleged a real interest in this proceeding by the allegation that it filed an intent-to-use trademark application with the USPTO for the mark CROCTAIL for "wine and spirits" in International Class 33, and that the Office issued a refusal to register in view of respondent's registration. *See e.g.*, *ShutEmDown Sports Inc. v. Lacy*, 102 USPQ2d 1036, 1043 (TTAB 2012) (standing shown by evidence that plaintiff's application was refused registration in view of defendant's registration).

With regard to the ground for cancellation, petitioner has alleged that respondent has either never used the registered mark in commerce or completely ceased using the mark in commerce, in connection with the goods identified in

the registration, for at least a period of three consecutive years.  Petition for Cancellation ¶¶ 4, 6-10.  The facts alleged by petitioner set forth a prima facie claim of abandonment.  Section 45 of the Trademark Act, 15 U.S.C. § 1127 ("A mark shall be deemed to be 'abandoned'... [w]hen its use has been discontinued with intent not to resume such use.  Intent not to resume may be inferred from circumstances.  Nonuse for 3 consecutive years shall be prima facie evidence of abandonment"); *Imperial Tobacco Ltd. v. Philip Morris Inc*., 899 F.2d 1575, 14 USPQ2d 1390, 1395 (Fed. Cir. 1990) (a presumption of abandonment based on three years nonuse may be invoked against a Section 44(e) registrant who never begins use of the mark or who discontinues using the mark; the presumption of nonuse may be rebutted).  However, respondent claims that these allegations are insufficient for a Section 66(a) extension of protection absent the pleading of any facts alleging the invalidity of the international registration or the failure of the registrant to file an affidavit of use pursuant to Trademark Act Section 71, 15 U.S.C. § 1141k.

The question before us raised by respondent's motion to dismiss is whether abandonment is an available claim with respect to a registration based on Section 66(a) for which the underlying international registration is valid and subsisting.

6

Under Section 66(a) of the Trademark Act,[2] 15 U.S.C. § 1141f(a), the holder of an international registration may file a request for extension of protection of that registration to the United States.  An applicant who files such a request must declare its intention to use the mark in the United States, Section 66 of the Trademark Act, 15 U.S.C. § 1141f(a), and the resulting U.S. application is subject to examination and opposition, Section 68 of the Trademark Act, 15 U.S.C. § 1141h.

Once a request for an extension of protection has been approved and cleared the opposition period, the USPTO will issue a certificate of extension of protection which is referred to as a "registration" or a "registered extension of protection" or a "section 66(a) registration."  37 C.F.R. § 7.25.  From the date of issuance of the certificate, the Section 66(a) registration "shall have the same effect and validity as a registration on the Principal Register," and "the holder of the international registration has the same

_____

[2] Section 66(a), enacted as part of the Madrid Protocol Implementation Act, Public Law 107-273, § 13401, *et seq.*, 116 Stat. 1758, 1762 (2003), added Sections 60-74 of the Trademark Act, 15 U.S.C. §§ 1141-1141n, implementing the provisions of the Madrid Protocol, an international system to facilitate the filing, registration, and maintenance of trademarks across national boundaries.  Pursuant to the Madrid Protocol, a trademark owner may apply for an "international registration" based on a national application or registration in a member country, and then request that trademark protection be extended to any other member countries.  The international registration is granted for a period of ten years, renewable indefinitely, which in turn governs the term of all national registrations based upon it.

rights and remedies as the owner of a registration on the Principal Register." Section 69(b) of the Trademark Act, 15 U.S.C. § 1141i(b).[3]

While there are some distinctions among registrations with different bases in the Trademark Act, the availability of particular grounds for cancellation is not such a distinction. A Section 66(a) registration differs from one under Section 44(e) because it always remains part of and dependent upon the international registration, in contrast to a Section 44(e) registration which stands independent of the underlying foreign national registration. TMEP § 1904.05 (8th ed. 2011). *See also* Section 70 of the Trademark Act, 15 U.S.C. § 1141j ("Dependence of extension of protection to the United States on the underlying international registration").[4] Further, an applicant for a

---

[3] *See also* Madrid Protocol Implementation Act; and Trademark Law Treaty Implementation Act, Hearings Before the Subcomm. on Courts and Intellectual Property of the House Comm. on the Judiciary, 105 Cong., 1st Sess. (1997) (testimony of Commissioner Lehman) at 8. Available at: http://commdocs.house.gov/committees/judiciary/ hju41670.000/hju41670 0f.htm; Accessed: 9/11/12. ("While the Protocol would provide an additional basis for a foreign national to register a trademark in the United States, such a request would be subject to the same substantive requirements as exist in the law today for domestic and foreign applicants . . . . This bill, H.R. 567, contains only provisions necessary to implement the Protocol in a separate Title to the Trademark Act of 1946. . . . [and] incorporates by reference the substantive requirements, obligations, rights and remedies of the existing Titles I through XI of the Trademark Act.").
[4] "[S]tatutory titles and section headings are tools available for the resolution of a doubt about the meaning of a statute." *Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) (citations and internal quotation marks omitted).

Section 66(a) registration is not required to show use in commerce of its mark prior to registration, as is an applicant under Section 1. *See* Section 68(a)(3) of the Trademark Act, 15 U.S.C. § 1141h(a)(3). However, once a U.S. registration issues based on Section 66(a), the registration is subject to the same grounds for cancellation as those registrations issued under Section 1 or Section 44(e). *Cf. Imperial Tobacco Ltd. v. Philip Morris Inc*., 14 USPQ2d at 1393 (a trademark filed under Section 44(e) "is not entitled to either initial or continued registration where the *statutory requirements* for registration cannot be met")(emphasis in original). *See also Sinclair v. Deb Chemical Proprietaries Ltd.*, 137 USPQ 161, 163 (TTAB 1963) (registration based on Section 44(e) on equal footing with registration issued based on Section 1, use in commerce).

Contrary to respondent's argument, Section 71 of the Trademark Act, 15 U.S.C. § 1141k ("Duration, affidavits and fees") is clearly not a limitation on cancellation of a Section 66(a) registration any more than Section 8 of the Trademark Act, 15 U.S.C. § 1058 ("Duration, affidavits and fees") is with respect to registrations issued under Sections 1 or 44. In fact, the two sections are similar by design.[5] The language in Section 71(a) ("Each extension ...

---

[5] Trademark Act Sections 8 and 71 were both recently amended pursuant to the Trademark Technical and Conforming Amendment Act of 2010, Public Law 111-146, 124 Stat. 66 (2010). It is clear

shall remain in force for the term of the international registration") tracks parallel language in Section 8(a) ("Each registration shall remain in force for 10 years..."). This language in both sections of the Trademark Act sets out the normal duration or *term* of a registration, but neither section contains language that expressly limits the right of others to petition for cancellation during that term under Section 14 of the Trademark Act, 15 U.S.C. § 1064. Although respondent's arguments appear to suggest that Section 71 implies such a limitation, such a reading finds no support in the text of Section 71 and is at odds with the structure of the Lanham Act. Indeed, if respondent's interpretation of Section 71 were correct, we would be bound to interpret the similar provisions of Trademark Act Section 8 ("Each registration shall remain in force for 10 years....") to prohibit cancellation of registrations based on Trademark Act Sections 1 or 44, except as provided in Section 8. Such an interpretation would prohibit the cancellation of any registration under Trademark Act Section 14, rendering that section meaningless. To the contrary, the USPTO has long interpreted Section 14 to permit inter partes proceedings to cancel registrations notwithstanding compliance by the registrant with Section 8.

---

that the parallel language in the two sections was intended to be interpreted consistently.

10

Our interpretation of the statute is entirely consistent with Article 5(6) of the Madrid Protocol,[6] which expressly acknowledges that a request for extension of protection may be subject to cancellation:

> Invalidation, by the competent authorities of a Contracting Party, of the effects, in the territory of that Contracting Party, of an international registration may not be pronounced without the holder of such international registration having, in good time, been afforded the opportunity of defending his rights. Invalidation shall be notified to the International Bureau.[7]

*See also* TMEP § 1904.07 ("An extension of protection to the United States may be invalidated in an administrative or judicial proceeding governed by United States law, such as a cancellation proceeding before the Trademark Trial and Appeal Board or a federal court proceeding").

Trademark rights are acquired and maintained in this country through use in commerce, that is, bona fide use of the mark made in the ordinary course of trade. Section 45 of the Trademark Act, 15 U.S.C. § 1127. *See also Sinclair*, 137 USPQ at 164 (to avoid abandonment, a Section 44(e) registrant must use the mark in commerce in the United

---

[6] Protocol Relating to the Madrid Agreement Concerning the International Registration of Marks, June 27, 1989 (as amended), 828 U.N.T.S 1185, S. Treaty Doc. No. 106-41.
[7] *See* Rule 19, (WIPO) Common Regulations under the Madrid Agreement Concerning the International Registration of Marks and the Protocol Relating to that Agreement, in force Jan. 1, 2012 (available at http://www.wipo.int/madrid/en/legal_texts /common_regulations.htm#P540_75572), setting out the requirements for notifying the International Bureau of the invalidation (*i.e.*, cancellation) of an extension of protection.

States or in other commerce which may be lawfully regulated by Congress). Because the validity of a Section 66(a) registration must be determined on the basis of the Trademark Act, a Section 66(a) registrant must, in the same way as a registrant of a mark used "in commerce" or a registrant of a mark issued under Section 44(e), use the registered mark in commerce in the territorial jurisdiction of the United States in order to avoid abandonment of its mark. *See Imperial Tobacco Ltd. v. Philip Morris Inc.*, 14 USPQ2d at 1393 (under the Trademark Act, "an abandoned mark is not entitled to continued registration regardless of the basis on which the registration was originally obtained"). In the absence of justifiable non-use, Section 66(a) registrations which have never been used, or for which use has been discontinued with no intent to resume use, may be subject to cancellation for abandonment even if the international registration remains valid and subsisting.

Thus, once having obtained a U.S. registration, an owner of a Section 66(a) registration is subject to the same treatment and conditions which prevail in connection with any other registrant. We hold that this includes the possibility that the registration may be cancelled on any available ground under Section 14 of the Trademark Act, 15 U.S.C. § 1064.

Inasmuch as petitioner has sufficiently pleaded its standing and an abandonment claim, the motion to dismiss is denied.

Proceedings are resumed.

Dates are reset as follows:

| | |
|---|---|
| Time to Answer | **10/27/2012** |
| Deadline for Discovery Conference | **11/26/2012** |
| Discovery Opens | **11/26/2012** |
| Initial Disclosures Due | **12/26/2012** |
| Expert Disclosures Due | **4/25/2013** |
| Discovery Closes | **5/25/2013** |
| Plaintiff's Pretrial Disclosures | **7/9/2013** |
| Plaintiff's 30-day Trial Period Ends | **8/23/2013** |
| Defendant's Pretrial Disclosures | **9/7/2013** |
| Defendant's 30-day Trial Period Ends | **10/22/2013** |
| Plaintiff's Rebuttal Disclosures | **11/6/2013** |
| Plaintiff's 15-day Rebuttal Period Ends | **12/6/2013** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.