THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Elgin

August 15, 2023

Cancellation No. 92078465

*Thrive Natural Care Inc.*

*v.*

*Nature's Sunshine Products, Inc.*

**By the Trademark Trial and Appeal Board:**

Respondent/Counterclaim Petitioner Nature's Sunshine Products, Inc. ("Respondent") owns a registration for the standard character mark SUBSCRIBE & THRIVE for the following services in International Class 35:

> Online ordering featuring non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleansers and moisturizers, dietary and nutritional supplements, weight control beverage concentrates, powdered nutritional supplement drink mixes, meal replacement drink mixes, probiotic supplements and herbal skin discomfort cream; online retail stores services featuring non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleansers and moisturizers, dietary and nutritional supplements, weight control beverage concentrates, powdered nutritional supplement drink mixes, meal replacement drink mixes, probiotic supplements and herbal skin discomfort cream.[1]

---

[1] Registration No. 6364153 issued on May 25, 2021 on the basis of first use of the mark anywhere and first use in commerce on September 1, 2020, under Trademark Act Section 1(a), 15 U.S.C. § 1051(a). A disclaimer of "subscribe" is of record.

Petitioner/Counterclaim Respondent Thrive Natural Care Inc. ("Petitioner") seeks to cancel Respondent's subject registration under Trademark Act Section 2(d) on the ground that Respondent's mark is likely to be confused with Petitioner's alleged previously-used and registered mark THRIVE. 15 U.S.C. § 1052(d). In support of its claim, Petitioner pleads ownership of two registrations for the THRIVE mark in standard characters in International Class 3: Registration No. 4467942 for "Non-medicated skin care preparations, namely, facial lotions, cleansers and creams, creams and oils for cosmetic use, skin moisturizers; pre-shaving preparations; after shave lotions and creams" ("the '942 Registration");[2] and Registration No. 6164303 for "Body and non-medicated soaps and skin cleansing gels; non-medicated skin care preparations, namely, facial lotions, cleansers and creams, oils for cosmetic use, skin moisturizers; cosmetic sun care preparations and sunscreens; shaving creams and gels; pre-shaving preparations; after shave lotions and creams" ("the '303 Registration").[3]

Respondent's answer, filed January 17, 2023, denies the salient allegations in the petition to cancel, asserts affirmative defenses, and brings counterclaims for cancellation of the '942 Registration on two grounds. First, Respondent claims that an assignment of the underlying intent to use application violated the "anti-

---

[2] Registered January 14, 2014 on the basis of first use of the mark anywhere and first use in commerce on September 5, 2013, under Trademark Act Section 1(a). Combined declarations of use and incontestability under Trademark Act Sections 8 and 15, 15 U.S.C. §§ 1058 and 1065, were accepted and acknowledged on March 7, 2020.

[3] Registered September 29, 2020, on the basis of first use of the mark anywhere and first use in commerce on September 5, 2013, under Trademark Act Section 1(a).

assignment" provision of Trademark Act Section 10(a)(1), 15 U.S.C. § 1060(a)(1). Second, Respondent asserts that Petitioner committed fraud on the USPTO.[4]

On February 15, 2023, in lieu of an answer, Petitioner filed a motion to dismiss the counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The motion is fully briefed.[5]

## I.     Legal Standard

A motion to dismiss is a test of the sufficiency of a complaint. *DrDisabilityQuotes.com, LLC v. Krugh*, 2021 USPQ2d 262, at *4 (TTAB 2021) (citing *Lewis Silkin LLP v. Firebrand LLC*, 129 USPQ2d 1015, 1016 (TTAB 2018) and *Order of Sons of Italy in Am. v. Profumi Fratelli Nostra AG*, 36 USPQ2d 1221, 1222 (TTAB 1995)). To withstand a motion to dismiss, a plaintiff need only allege facts which, if proved, would establish: (1) it is entitled to a statutory cause of action;[6] and (2) a valid statutory ground to cancel the registration exists under Section 14 of the Trademark Act, 15 U.S.C. § 1064. *See DrDisabilityQuotes.com*, 2021 USPQ2d 262, at *4 (citing *Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998) and *Fair*

---

[4] *See* 13 TTABVUE 109-27. Record citations are to TTABVUE, the Board's publicly available docket history system, and to TSDR, the USPTO's Trademark Status and Document Retrieval system. *See, e.g., New Era Cap Co. v. Pro Era, LLC*, 2020 USPQ2d 10596, at *2 n.1 (TTAB 2020). The parties are cautioned to preview their ESTTA filings with care to prevent out-of-order filings such as Respondent's answer, where the body of the answer follows the exhibits. *See* 13 TTABVUE.

[5] *See* 15 TTABVUE, 18 TTABVUE. The Federal Rules of Civil Procedure are made applicable to Board trial proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a).

[6] Respondent's entitlement to maintain the counterclaims is inherent in its position as defendant in the cancellation proceeding. *See Harry Winston, Inc. v. Bruce Winston Gem Corp.*, 111 USPQ2d 1419, 1428 (TTAB 2014) ("Applicant has standing based on opposers' assertion of their marks and registrations against applicant in their notice of opposition.").

*Indigo LLC v. Style Conscience*, 85 USPQ2d 1536, 1538 (TTAB 2007)); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 503.02 (2023).

The Board accepts as true all well-pleaded, material allegations of the complaint, and construes the complaint in favor of the plaintiff. *See Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021, 2023 (Fed. Cir. 1987) (subsequent history omitted).[7] At this stage, the Board does not consider the merits of Respondent's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Libertyville Saddle Shop Inc. v. E. Jeffries & Sons Ltd.*, 22 USPQ2d 1594, 1597 (TTAB 1992).

## II. Grounds for Cancellation

### A. Counterclaims 1 and 3: Fraud[8]

Respondent's first and third grounds for cancellation of the '942 Registration assert that Petitioner committed fraud on the USPTO in connection with the declaration in support of the statement of use (Counterclaim 1), and the combined declaration of continuing use and incontestability pursuant to Trademark Act

---

[7] Although the Board has considered the evidence attached to Respondent's answer and counterclaims for the purpose of ascertaining the plausibility of the pleaded allegations of the counterclaims, the exhibits do not affect the Board's decision as to whether the counterclaims have been sufficiently pleaded. *See Caymus Vineyards v. Caymus Med., Inc.*, 107 USPQ2d 1519, 1522 (TTAB 2013) (considering exhibits attached to answer and counterclaim solely for the purpose of ascertaining the plausibility of allegations) (citing Fed. R. Civ. P. 10(c)).

[8] Respondent numbers its counterclaims as Counts 1(a), (b), and (c). The Board refers to these as Counterclaims 1, 2, and 3, respectively.

Sections 8 and 15, 15 U.S.C. §§ 1058 and 1065 (Counterclaim 3). Respondent claims that Petitioner was not using the mark in commerce in connection with all of the goods identified in the registration when it filed the declarations.[9] Specifically, Respondent alleges that, prior to November 18, 2014, Petitioner only used the mark in connection with "face wash, face balm, and shave oil" which were not "non-medicated skin care preparations, namely, facial lotions, cleansers and creams, creams and oils for cosmetic use, skin moisturizers",[10] and has never offered "(1) non-medicated skin care preparations, namely, facial lotions, (2) creams, and (3) creams for cosmetic use."[11]

Fraud in the procurement or maintenance of a trademark registration occurs when a party knowingly makes a false, material representation of fact in connection with an application to register or a post-registration document with the intent of obtaining or maintaining a registration right to which it is otherwise not entitled. *See, e.g., Harry Winston, Inc.,* 111 USPQ2d at 1432; *ShutEmDown Sports, Inc. v. Lacy,* 102 USPQ2d 1036, 1044 (TTAB 2012). Where fraud is alleged as to execution of the statement of use declaration, and, as here, a request for an extension of time to file a statement of use has been filed, the claim must allege that the defendant did

---

[9] *See* 13 TTABVUE 118-23, 126-27, ¶¶ 54-78, 93-100.

[10] *See id.* at 119-20, ¶¶ 59-60.

[11] *See id.* at 121, ¶¶ 64-65 (citing *id.* at 107-08) (Exh. 6). Exhibit 6 purports to be a "Wayback Machine" capture of Petitioner's website from June 30, 2019, showing products including sunscreen balm, exfoliating facial cleanser, face balm, facial cleanser, shave and shower soap, grooming oil, face lotion, face wash, shave oil, men's grooming kit, and a skin restoring kit. *Id.* at 108.

not use its mark within the time for filing its statement of use as extended.[12] *See*

*Embarcadero Techs., Inc. v. Delphix Corp.*, 117 USPQ2d 1518, 1524-26 (TTAB 2016).

Allegations of fraud must allege sufficient underlying facts from which the Board

may reasonably infer that Petitioner acted with the requisite state of mind (i.e., intent

to deceive). *Asian & W. Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1479 (TTAB 2009).

Therefore, pleadings of fraud made "on information and belief" without allegation of

"specific facts upon which the belief is reasonably based" are insufficient. *Id.* Further,

"[p]leadings of fraud which rest solely on allegations that the trademark applicant or

registrant made material representations of fact in connection with its application or

registration which it 'knew or should have known' to be false or misleading are an

insufficient pleading of fraud because it implies mere negligence and negligence is

not sufficient to infer fraud or dishonesty." *Id.*

Counterclaims 1 and 3 are insufficiently pleaded. Both counterclaims are made

"on information and belief."[13] Although this language is not fatal on its own, the

counterclaims fail to plead sufficiently specific facts supporting the elements of fraud.

For example, the counterclaims present no facts from which the Board could infer

that Petitioner's statements regarding use were false, i.e., that the products

Petitioner was offering at the salient times would not also qualify as goods identified

---

[12] Petitioner filed a request to divide, a request for extension of time to file a statement of use as to all goods in the original application, and a statement of use only as to "Non-medicated skin care preparations, namely facial lotions, cleansers and creams, creams and oils for cosmetic use, skin moisturizers; pre-shaving preparations; after shave lotions and creams," on October 4, 2013. *See* '942 Registration (TSDR 49-64).

[13] 13 TTABVUE 119, 120, 121, ¶¶ 59, 61, 64.

in the registration (such as a shave oil that is both a "pre-shaving preparation" and an "oil[s] for cosmetic use"). Indeed, it is well-settled that a single product may support use of more than one good identified in an application or registration. *See Jean Patou, Inc. v. Theon, Inc.*, 9 F.3d 971, 29 USPQ 117, 1774 (Fed. Cir. 1993) (single product may have dual uses) (citing *In re Int'l Salt Co.*, 166 USPQ 215 (TTAB 1970)). Additionally, Respondent fails to allege facts sufficient to support the conclusion that Petitioner's officer, when signing the two declarations of use, acted with the requisite state of mind; that is, that he knew that the mark was not in use for certain goods and made the assertions to deceive the USPTO into issuing or maintaining a registration of the mark for those goods.[14]

In view thereof, Petitioner's motion to dismiss Counterclaims 1 and 3 based on fraud is **granted**. These counterclaims are dismissed without prejudice, with leave to replead as set forth below.

### B. Counterclaim 2: Violation of the Anti-Assignment Rule

The so-called "anti-trafficking rule" of Trademark Act Section 10(a)(1) prohibits assignment of an intent-to-use application to a third party prior to the filing of a statement of use, unless the application is transferred with at least part of the

---

[14] *Id.* at 118-19, 120, 123, 127, ¶¶ 57, 61, 74, 98. Nonetheless, the Board notes that Petitioner appears to confuse the requirements of fraud and nonuse claims when it argues, "if *any one* of the products that [Petitioner] sold prior to signing the [statement of use] matched *any one* of the types of goods identified the [statement of use], not only was there no fraud but the [statement of use] was properly filed without any error at all." 15 TTABVUE 14. Nonuse on some, but not all, of the identified goods in a class is grounds for voiding the registration for that class in its entirety if fraud is proved. *See Grand Canyon W. Ranch LLC v. Hualapai Tribe*, 78 USPQ2d 1696, 1697-98 (TTAB 2006) (holding an application to be void is the appropriate remedy when the pleaded ground is fraud based on partial nonuse).

applicant's "ongoing and existing" business to which the mark pertains. 15 U.S.C. § 1060(a)(1). A prohibited assignment renders the application or any resulting registration void ab initio. *Clorox Co. v. Chem. Bank*, 40 USPQ2d 1098, 1104 (TTAB 1996) ("*Clorox*").[15]

Respondent alleges, in sum, that the assignment of the intent-to-use application underlying the '942 Registration violated Section 10(a)(1) because: (1) the THRIVE mark had not been used in commerce and thus no goodwill had developed in the mark; and (2) the assignor "continued to act as the owner of and remained directly involved with the '058 Application for many months afterwards, supporting a conclusion that the assignment was improper and/or invalid."[16] Petitioner argues the counterclaim is time-barred under Section 14(3) because the '942 Registration issued more than five years prior to the filing of the opposition.[17] 15 U.S.C. § 1064(3).

In a nonprecedential decision last year, a panel of the Board held that Section 14(3) bars anti-assignment claims under Section 10(a) that are more than five years

---

[15] The Board notes that the registration at issue in *Clorox* was issued on December 20, 1994 – less than a month prior to commencement of the proceeding on January 17, 1995. Thus, the five-year time bar of Section 14(3) was inapplicable.

[16] *See* 13 TTABVUE 113-116, 123-25, ¶¶ 35-46 and 79-92. The referenced assignment was recorded on October 2, 2013, at Reel/Frame 5123/0443 as to Application Serial No. 85726058 (now abandoned), the parent of Application Serial No. 85980517 which matured into the '942 Registration. The recorded assignment was executed on September 27, 2013 (after the alleged date of first use, *see supra* note 3) but made effective, nunc pro tunc, as of May 23, 2013.

[17] *See* 15 TTABVUE 2, 5-12. Petitioner also argues throughout its motion that the pleaded "incontestable" registration is not subject to cancellation because Section 10(a)(1) is not one of the defenses expressly enumerated in Trademark Act Section 33, 15 U.S.C. § 1115(b). *See id.* Petitioner's references to "incontestability" under Section 15 and available defenses to an infringement action enumerated in Section 33 are misplaced, as these are not the relevant authorities to determine claims available in a Board cancellation proceeding.

old. *See Bison Prods., LLC v. Red Bull GmbH*, Cancellation No. 92076894, 2022 WL 486659, at *4-5 (TTAB Feb. 2. 2022) (not precedent). Specifically, the Board reasoned that Section 14(3) reflects Congress's intent to protect registrations that are more than five years old from challenges in perpetuity, except on certain enumerated grounds, and that violations of the anti-assignment provision in Section 10(a)(1) are not included in the list of permitted claims. *See id.* Moreover, had Congress intended to include such claims in Section 14(3), it certainly could have done so. *See id.*; *see generally Pennwalt Corp. v. Sentry Chem. Co.*, 219 USPQ 542, 547 (TTAB 1983) ("[O]n principles of statutory construction, we are obliged to consider the statute as a whole and the interrelation of its provisions.").

Although the decision is not binding, the Board finds the reasoning in *Bison Products* to be highly persuasive. This result also is consistent with the Board's treatment of other types of "void ab initio" claims that have been found time-barred because they are not enumerated in Section 14(3). *See, e.g., Maids to Order of Ohio Inc. v. Maid-to-Order Inc.*, 78 USPQ2d 1899, 1906 n.6 (TTAB 2006) (registration more than five years old may not be challenged on the basis of nonuse); *Treadwell's Drifters Inc. v. Marshak*, 18 USPQ2d 1318, 1320 (TTAB 1990) (nonownership claim is not an available ground for cancellation of a registration over five years old); *Pennwalt Corp.*, 219 USPQ at 550 ("[T]here is nothing in Section 14(c) which admits [nonuse] as a ground for cancellation of a registration after five years have elapsed, unless the misstatement was with fraudulent intent.");

Conversely, the Board is neither bound nor persuaded by the decisions relied upon by Respondent in support of its argument that its claim is not time-barred. In particular, none of the district court decisions in *Patagonia, Inc. v. Anheuser-Busch, LLC*, No. 2:19-cv-02702, 2019 WL 8754735 (C.D. Cal. Sept. 3, 2019) ("*Patagonia I*"), *Patagonia, Inc. v. Anheuser-Busch, LLC*, No. 2:19-cv-02702, 2020 WL 8514835 (C.D. Cal. Sept. 3, 2020) ("*Patagonia II*"), and *interState Net Bank v. NetB@nk, Inc.*, 348 F. Supp. 2d 340 (D.N.J. 2004), determined Section 14(3) does not bar a claim for cancellation of a registration over five years old brought for violation of Section 10(a)(1).[18]

Similarly, Respondent's reliance on *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 96 USPQ2d 1906 (2d Cir. 2010) ("*Federal Treasury*") (discussed in *Patagonia I*) for the proposition that "the question of the validity of the assignment is antecedent to the question of incontestability" is misplaced.[19] That case concerned a complex (and in many instances, illegitimate) series of assignments of registrations for the STOLICHNAYA vodka trademarks following official dissolution of the Soviet Union in 1991. *See Federal Treasury*, 96 USPQ2d at 1908. The Court of Appeals held that the incontestable status of a registration does not preclude a challenge to the validity of an assignment of that registration decades later. *Id.* at 1911. The decision, therefore, does not concern an

---

[18] Respondent is reminded that copies of decisions that do not appear in the United States Patent Quarterly should be appended to briefs in which the decisions are cited. *See* TBMP § 101.03 and authorities cited in n.5 therein.

[19] *See* 17 TTABVUE 10, 14-15.

assignment of an intent-to-use application in violation of Section 10(a)(1). *See* 6 Thomas J. McCarthy, McCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 32:141 (5th ed. Mar. 2023 update) (discussing import of *Federal Treasury*).

Finally, the Board is not persuaded by Respondent's argument that its claim for violation of Section 10(a)(1) should not be time barred because its "third counterclaim [for fraud] attacks that incontestability . . . ."[20] First, Respondent's arguments incorrectly conflate incontestability afforded under Section 15 of the Trademark Act with the time bar set forth in Section 14 of the Trademark Act. *See* 15 U.S.C. §§ 1064, 1065. The time-bar applies to cancellations brought against both incontestable registrations and registrations which are not incontestable. Therefore, an attack on incontestability does not affect the application of the Section 14 time-bar. Second, pleading a claim which is not time-barred does not permit the addition of claims which are so barred. *See Caymus Vineyards*, 107 USPQ2d at 1524-25 ("The assertion that opposer may have fraudulently procured its registration, while stating a valid ground for cancellation of a registration that is more than five years old, does not allow applicant to also assert a ground that is available only when a registration is less than five years old.").

In view thereof, the motion to dismiss Respondent's counterclaim to cancel based on violation of Section 10(a)(1) is **granted**, and the counterclaim is dismissed with prejudice.

---

[20] *Id.* at 18-19.

## III.    Proceedings Resumed; Repleading Permitted

It is the Board's policy to allow amendment of defective pleadings, particularly where the offending pleading is the initial pleading. *See, e.g.*, *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 USPQ2d 1203, 1208 (TTAB 1997). Accordingly, the Board grants Respondent leave to file amended counterclaims for cancellation based on fraud which address the deficiencies noted herein.[21]

Respondent is allowed until **September 14, 2023** to file amended counterclaims. Petitioner is allowed until **October 14, 2023** to file an answer to any amended counterclaims.

Proceedings are **resumed** and the remaining dates for disclosure, discovery, and trial are reset as set forth below:

| | |
|---|---|
| Deadline for Discovery Conference | 11/13/2023 |
| Discovery Opens | 11/13/2023 |
| Initial Disclosures Due | 12/13/2023 |
| Expert Disclosures Due | 4/11/2024 |
| Discovery Closes | 5/11/2024 |
| Pretrial Disclosures Due for Party in Position of Plaintiff in Original Claim | 6/25/2024 |
| 30-day Trial Period Ends for Party in Position of Plaintiff in Original Claim | 8/9/2024 |
| Pretrial Disclosures Due for Party in Position of Defendant in Original Claim and in Position of Plaintiff in Counterclaim | 8/24/2024 |
| 30-day Trial Period Ends for Party in Position of Defendant in Original Claim, and in Position of Plaintiff in Counterclaim | 10/8/2024 |

---

[21] Respondent is reminded that all claims of fraud on the USPTO carry a very high burden of proof – higher than other grounds in inter partes proceedings. *In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1939 (Fed. Cir. 2009). The standard for intent to deceive is stricter than the standard for negligence or gross negligence, and evidence of deceptive intent must be clear and convincing. *Id.* at 1943.

| | |
|---|---|
| Pretrial Disclosures Due for Rebuttal of Party in Position of Plaintiff in Original Claim and in Position of Defendant in Counterclaim | 10/23/2024 |
| 30-day Trial Period Ends for Rebuttal of Party in Position of Plaintiff in Original Claim, and in Position of Defendant in Counterclaim | 12/7/2024 |
| Pretrial Disclosures Due for Rebuttal of Party in Position of Plaintiff in Counterclaim | 12/22/2024 |
| 15-day Trial Period Ends for Rebuttal of Party in Position of Plaintiff in Counterclaim | 1/21/2025 |
| Opening Brief for Party in Position of Plaintiff in Original Claim Due | 3/22/2025 |
| Combined Brief for Party in Position of Defendant in Original Claim and Opening Brief as Plaintiff in Counterclaim Due | 4/21/2025 |
| Combined Rebuttal Brief for Party in Position of Plaintiff in Original Claim and Brief as Defendant in Counterclaim Due | 5/21/2025 |
| Rebuttal Brief for Party in Position of Plaintiff in Counterclaim Due | 6/5/2025 |
| Request for Oral Hearing (optional) Due | 6/15/2025 |

**Important Trial and Briefing Instructions**

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). **Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate**

**the Board's review of the evidence at final hearing.** *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).